THE IOWA LOAN AND TRUST CO. v. MOWERY ET AL.

1. **Vendor and Vendee:** SALE OF PART OF TRACT SUBJECT TO MORT-GAGE ON WHOLE: ATTACHMENT OF VENDEE'S INTEREST: PRIORITY. A tract of land was incumbered with two mortgages, and the owners sold and conveyed a portion of it to F. by warranty deed, excepting, however, the two mortgages from the covenant of warranty, and reciting that the land was sold subject to the mortgages. F. orally agreed to pay the mortgages, and the amount due thereon was recited as a part of the consideration for the land. The mortgages and the deed were of record. Afterwards the land so conveyed was attached as the property of F., but the attaching creditors had no notice of F.'s oral agreement to pay the mortgages. *Held* that the papers of record were sufficient notice that the *land* at least was charged with the whole of the mortgage debts, and that F.'s grantors were entitled, as against the attaching creditors, in an action to foreclose the mortgages, to a decree that the land so sold to F. should first be exhausted in payment of the mortgage debts, before the other land covered by the mortgages, and still held by them, should be sold for that purpose.

*Appeal from Jasper Circuit Court.*

WEDNESDAY, OCTOBER 7.

ACTION to foreclose mortgages. The decree provides that separate tracts of land mortgaged shall be charged with the mortgage debt in the proportions indicated therein. Two of the defendants, John E. Mowery and Henry Kline, appeal.

*Winslow & Varnum,* for appellants.

*Cook & Clements,* for appellees.

BECK, CH. J.—I. The facts of the case, briefly stated, are these: The defendants Mowery and Kline purchased the land of the mortgagor after the execution of the mortgage to another, and still later sold and conveyed a part of the land to Framel, by a deed which excepted from the operations of the covenant of warranty the two mortgages, and in its recitations declared that the land is sold subject to the

mortgages. Framel agreed orally to pay the mortgages, and the amount due thereon was recited as a part of the consideration of the land. The defendants, the Jasper County Bank, and the assignor of S. E. Cook, another defendant, instituted attachment proceedings against Framel after the land was conveyed to him, and they hold deeds executed by the sheriff under sales had upon the judgments rendered in the proceedings. They had no express notice of the oral agreement of Framel to pay the mortgages as a part of the consideration of the land. The deeds and mortgages hereinbefore referred to were all duly recorded.

II. The defendants Mowery and Kline, who appeal, insist that the land conveyed to Framel should first be charged with the whole mortgage debt, and the lands not conveyed by them should not be sold except to discharge whatever part of the mortgage debt remains unpaid after the application thereon of the sum realized from the sale of the other land. The decree provides that the debt shall be charged against each tract in the proportions therein stated. We think the decree is wrong, and that it should have provided for the sale of the land conveyed to Framel first, and that the other land should only be sold to make up the amount of the mortgage debt then remaining unpaid. Our conclusions are based upon these grounds: Had Farmel continued to own the land purchased by him, it cannot be disputed that the rule we have stated should have been applied. Counsel for appellees, in their argument, admit this proposition. But they insist that, as the creditors holding the land under the sheriffs' deeds had no notice of the oral agreement of Framel to pay the mortgage, they cannot be bound by it, nor their rights made to conform to it. The deed to Framel, by its recitations, shows that the mortgage debt was unpaid, and that his grantors were not liable to him for it. This deed and the mortgages show that the land in question is bound by the mortgages for the whole debt, and that appellants are not liable to Framel therefor. The case is this: Framel

accepts a conveyance of the land, releasing his grantors from all obligation to pay the mortgages thereon. These facts surely show an agreement on the part of Framel that the lands bought by him shall be subject to the whole mortgage debt. While the agreement thus shown does not bind him personally to pay the debt, it does show that he agreed that his property should be bound for the debt without recourse by him upon his grantors. This is nothing more or less than an agreement by him to pay the mortgage debt, without personal responsibility therefor. Of this agreement the holders of the title under the sheriff's sale had notice, for it is, as we have pointed out, found in the recitals of a deed under which they claim title. We are clearly of the opinion that these persons hold their title to the land with notice of Framel's agreement, and that they have no rights other or different from those he held. Our conclusions are based upon familiar principles of the law, which need not be supported by authorities.

The decree of the circuit court is reversed, and the cause is remanded for a decree in harmony with this opinion, or, at appellants' option such a decree may be rendered in this court.

REVERSED.