CITIZENS' SAVINGS BANK OF ST. LOUIS v. PERCIVAL.

1. **Judicial Sale:** REDEMPTION FROM: CREDITOR MAY REDEEM FROM HIS OWN PURCHASE. Where a junior judgment creditor purchases prop-erty on which his judgment is a lien, at an execution sale for the satis-faction of a senior judgment, he may, like any other judgment creditor, redeem the property from such sale, though he thereby redeems from himself.

*Appeal from Pottawattamie District Court.*

FRIDAY, JUNE 8.

THIS case involves a controversy between the plaintiff and defendant, as to which party is entitled to a sheriff's deed for certain premises. The court found for the defendant. The plaintiff appeals. The facts are stated in the opinion.

*Cook & Richman*, for appellant.

*Robert Percival, pro se.*

DAY, CH. J.—The cause was submitted to the court below upon an agreed statement of facts, as follows:

"1st. On June twelfth, 1879, Ellen Wilkinson *et al.* ob--tained judgment in this court against Thomas A. Walker for

$8,936.48, with order for special execution against certain property, including lot 8 in block 3, and lot 8 in block 4, in Bayliss' first addition to Council Bluffs.

"2nd.   On February tenth, 1881, Robert Percival obtained judgment and decree in circuit court of this (Pottawattamie) county against said Thomas A. Walker and wife, upon a mortgage made by him and wife on October 31, 1879, for the sum of $13,800, and an order for special execution against certain property, including said two lots.

" 3d.   On the fifth day of December, 1879, M. Phelan obtained judgment against Thomas A. Walker in this court for the sum of $17,834, and an order for a special execution against certain property, including said two lots.

"4th.   On June third, 1881, in a certain suit then pending in this court, wherein said Phelan, Walker and wife and Percival were parties, a decree was entered, by consent of Percival, that $4,000 of the Percival judgment should be a lien on the property of said Walker, including said two lots, superior and prior to the judgment of said Phelan, and that the remainder of said Percival judgment should be subsequent and junior to the Phelan judgment.

" 5th.   On the sixth day of December, 1881, the property of said Walker was sold on an execution issued on the said judgment in favor of Ellen Wilkinson *et al.*, and at said sale said lot 8 in block 3 was sold to Robert Percival for the sum of $200, and said lot 8 in block 4 was sold to him for $200, said Percival being the only person who bid for said lots.

" 6th.   On June twelfth, 1882, the said Robert Percival, as a judgment creditor of said Thomas A. Walker, redeemed, or attempted to redeem, said lots from said sale, receipted to the clerk for the amount bid therefor and interest, and entered on the sale book the sum of $1,000 as the amount he was willing to credit on the $4,000 of his judgment, which was prior to the lien of the Phelan judgment, for said lot 8 in block 3, and $600 as the amount he was willing to credit thereon for said lot 8 in block 4, and credited said amount on

said preferred part of his judgment, complying with the requirements of the law relating to redeeming creditors.

"7th.  On July twenty-sixth, 1882, plaintiff, who is the assignee of said Phelan and entitled to all his rights of redemption, refusing to recognize the said redemption of said Percival, and claiming that said Percival could not redeem said lots because they were bid off by himself, redeemed, or attempted to redeem, said lots from said sale as a judgment creditor, and paid into the office of the clerk of this court, for the use of said Percival, the sum of $425.55, being the amount bid for said lots by him with interest, and credited on the sale book the sum of $400 as the amount it was willing to credit on its judgment for said lot 8 in block 3, and $200 as the amount it was willing to credit on its judgment for lot 8 in block 4, and credited said amounts on its said Phelan judgment, complying with the requirements of the law relating to redeeming creditors.

"8th.  One year has expired since said sale, and said lots have not been redeemed by said Walker nor his representatives.

"9th.  Plaintiff claims that Percival could not redeem said lots from his own bid.  That it was only required to pay into the clerk's office the amount bid by Percival with interest in order to redeem, and claims that it is entitled to the sheriff's deed.

"Percival claims that he had a right to redeem from the sale on the Wilkinson judgment; that $4,000 of his judgment being superior to plaintiff's, the plaintiff, in order to redeem, should have paid into the clerk's office the amount of his bids, and also the amounts he credited on the preferred part of his judgment with interest, and the plaintiff not having done so, he, Percival, is entitled to the sheriff's deed."

The court adjudged that the redemption claimed to have been made by the plaintiff is not a valid redemption, and that the defendant is entitled to receive a sheriff's deed for the property in controversy.  It is conceded that this case presents a question different from any that has heretofore been

before this court. The argument of appellant's attorneys is very acute and ingenious, and is not wanting in plausibility. Still we are inclined to think that the defendant, Percival, had a right to redeem under the plain provisions of the statute. Section 3104 of the Code, provides: "Any creditor whose claim becomes a lien prior to the expiration of the time allowed by law for the redemption by creditors, may redeem." That Percival was a creditor of Thomas A. Walker, and the holder of the judgment which was a lien upon his property, is shown by the agreed statement of facts. The fact that he was such creditor did not deprive him of the right to purchase the property of Walker upon a sale under the judgment of another party. There was nothing at all inconsistent in his sustaining the relation of creditor and of purchaser at a sale under a prior judgment. Nor did the fact of his becoming such purchaser deprive him of the right to redeem, which he would undoubtedly have possessed if any one else had been the purchaser. If he could not become a purchaser under the same conditions and with the same rights as he would have possessed if some one else had been the purchaser, it follows that he is deprived of a portion of his rights by the mere fact of being a creditor. Counsel for appellant ridicule the idea that Percival could redeem from himself. And yet it will hardly be questioned that he could have assigned his judgment, and that his assignee could have redeemed from the sale. And still it must be conceded that he could not confer upon his assignee rights greater than he possessed himself. And if he could accomplish the objects of redemption thus indirectly, we are unable to see why he may not do so directly.

In our opinion the judgment of the court below is correct.

AFFIRMED.