Lamb et al. v. Feeley et al.

LAMB ET AL. V. FEELEY ET EL.

1. **Mortgage:** FORECLOSURE SALE: REDEMPTION: WHAT AMOUNTS TO. Where a junior mortgagee, more than six months and less than nine months after a foreclosure sale under a senior mortgage, paid to the purchaser at such sale the full amount of his bid, with interest, and took an assignment of the certificate of sale, and filed an affidavit with the clerk setting out the amount of his mortgage lien, and stating that he had redeemed as junior lien-holder, *held* that this amounted to a redemption under the statute, though the clerk took no part in the transaction. (Compare *Goode v. Cummings*, 35 Iowa, 67.)

2. ———: ———: REDEMPTION BY JUNIOR MORTGAGEE: CLAIMS EXTINGUISHED. A junior mortgagee who redeems from a sale under a senior mortgage more than six and less than nine months after the sale, must, within ten days after the expiration of the nine months, enter upon the sale book the utmost he is willing to credit on his mortgage, and, if he does not, and takes a deed for the land under the sale, his mortgage will be extinguished. (Code, §§ 3113, 3115; *Goode v. Cummings*, 35 Iowa, 67.)

*Appeal from Tama District Court.*

FRIDAY, DECEMBER 17, 1886.

PLAINTIFF, as assignee of a mortgage executed January 9, 1882, due in one year, filed his petition for foreclosure, February 26th, 1885. Defendants answered that there was a foreclosure of a prior mortgage upon the same land given in 1876, and a sheriff's sale thereunder November 5, 1884; that plaintiff purchased the notes and mortgage sued on, March 12, 1883; that more than six and less than nine months after the sheriff's sale, plaintiff, as junior mortgagee, redeemed from the sheriff's sale by paying to the purchaser thereat the full amount, with interest, and taking an assignment of the certificate of sale, and filing an affidavit with the clerk setting out the amount of his mortgage lien, and stating that he had redeemed as junior lien-holder; and that plaintiff, as holder of said certificate, obtained a deed from the sheriff for the land covered by both mortgages. Defendants claimed that by these proceedings plaintiff became absolute

owner of the land, and that the mortgage, and the debt on which it was based, are fully paid and satisfied. Plaintiff demurred to the answer. The demurrer was sustained, and judgment was rendered in favor of plaintiff, and a decree of foreclosure on the junior mortgage. Defendants appeal.

*Stivers & Louthan* and *J. W. Willett*, for appellants.

*Struble, Kinne & Stiger*, for appellee.

ROTHROCK, J.—Some question is raised in argument of counsel as to whether the plaintiff, in purchasing the certifi-

1. MORTGAGE: cate of sale under the senior mortgage, made a foreclosure: sale: redemp- redemption under the statute; but we think the tion: what amounts to. transaction amounted to, and actually was, a redemption. It has been decided that such a redemption, made after six and prior to nine months from the sale, can be made between the parties without the aid of the clerk. *Goode v. Cummings*, 35 Iowa, 67. The parties in this case did just what was in law necessary to effect the redemption of a junior mortgage, and the plaintiff, in addition, declared by affidavit that it was intended as such. The plaintiff, then, was a redemptioner within nine months subsequent to the sale,

2. ——: ——: and was entitled to a deed, unless the defendant redemption by junior in the foreclosure proceedings should redeem mortgagee: claim extin- within the year allowed him. He did not redeem, guished. and the plaintiff received a deed for the premises, and his rights are clearly defined by the following provision of the Code:

"Sec. 3113. Unless the defendant thus redeems, the purchaser, or the creditor who has last redeemed prior to the expiration of nine months aforesaid, will hold the property absolutely.

"Sec. 3114. In case it is thus held by a redeeming creditor, his lien, and the claim out of which it arose, will be held to be extinguished, unless he pursues the course pointed out in the next section.

"Sec. 3115. If he is unwilling to hold the property, and credit the defendant therefor with.the amount of his lien, he must, within ten days after the expiration of nine months aforesaid, enter on the sale-book the utmost he is thus willing to credit on his claim."

The plaintiff made his redemption prior to nine months, and failed to file the notice required by section 3115, and, having become the absolute owner of the land as provided in section 3113, his mortgage, which he now seeks to foreclose, and the debt on which it was based, were extinguished, according to section 3114. Therefore, he had no right to recover, and the court below erred in sustaining the demurrer to the answer; for, if the allegations of the answer are sustained by the proof, the plaintiff must fail. The case of *Goode v. Cummings, supra*, sustains this position.

REVERSED.