Lamb v. West.

---

LAMB v. WEST *et al.*

Redemption: FROM JUNIOR MORTGAGEE WHO HAS REDEEMED FROM SENIOR FORECLOSURE: AMOUNT TO BE PAID. Where the holder of a junior mortgage, more than six and less than nine months from the date of sale under the senior mortgage, buys in the certificate of sale, and files an affidavit with the clerk, stating the amount of his lien, and that he has redeemed as a junior lien-holder, he is a redemptioner within the meaning of the statute (see *Lamb v. Feeley*, 71 Iowa, 742), and the owner of the land, with knowledge of all the facts, cannot redeem from him without paying the amount of both liens. The fact that an action is pending for the foreclosure of the junior mortgage, and that a valid defense has been pleaded thereto, makes no difference.

*Appeal from Tama District Court.* — Hon. J. D. Giffen, Judge.

Filed, October 8, 1888.

Action in equity. Judgment for plaintiff and defendants appeal.

*Stivers & Strong* and *J. W. Willett,* for appellants.

*Struble & Stiger,* for appellee.

Seevers, C. J.—The facts are that in 1876 Michael Feeley owned the land in controversy, and executed a mortgage thereon to Jane Montgomery. In 1884, the mortgage was foreclosed in Scott county, a special execution issued thereon, and the land, which is situated in Tama county, sold thereunder to Jane Montgomery, and a certificate of purchase executed to her by the sheriff. In 1882, Michael and Bridget Feeley executed a mortgage on said premises to Bracken & Goodell to secure a promissory note of nearly six hundred dollars. In 1883, the plaintiff, became the owner of this mortgage. On July 30, 1885, the plaintiff became the owner by assignment of the Montgomery certificate of purchase, and at the same time was the owner of the junior Bracken & Goodell mortgage. On October, 1885, the defendant West, for the purpose of redeeming from the sale to Montgomery, paid to the clerk of the district court of Tama county the amount of money required to redeem from such sale,—he at that time being the owner of the real estate subject to the mortgage aforesaid,—and he knew the certificate of sale had been assigned to and was owned by the plaintiff. Because of the effort made by West to redeem, the sheriff declined to execute a deed in pursuance of the sale to Montgomery until more than twenty days after one year from the sale had expired. Afterwards the defendant West executed a warranty deed, conveying the land to his co-defendant Haylor. Afterwards West obtained the money paid by him to the clerk, and thereafter the

sheriff conveyed the premises in controversy to the plaintiff. The foregoing facts are conceded, and are in no respect controverted. The plaintiff alleges in his petition that West made the redemption and procured the sheriff to refuse to execute the deed in fraud of the rights of the plaintiff, and the transaction between him and Haylor was fraudulent as to the plaintiff, and that Haylor had full knowledge of the rights of the parties. The last and all allegations of fraud are denied. The defendants also pleaded that an action was pending, brought by the plaintiff for the foreclosure of the Bracken & Goodell mortgage, and that a full and complete defense had been pleaded thereto, and that such action was pending and undetermined. The relief asked by plaintiff was that the title to the land be confirmed, and the deed from West to Haylor be set aside, and his title quieted. The relief asked in substance was granted by the judgment of the court, and the defendants appeal.

The plaintiff's title under the Montgomery foreclosure and sheriff's deed must be regarded as vesting in the plaintiff the absolute title, unless the effort made by the defendant West to redeem, and his subsequent conveyance to Haylor, are sufficient to vest in the latter a title superior to that of the plaintiff. In determining who has the better title, we are required to determine whether West made a legal redemption from the sheriff's sale to Montgomery. The defendants maintain the affirmative of this proposition, but their claim cannot be sustained, for the reason that it has been held by this court that the assignment of the Montgomery certificate of the sale to the plaintiff at the time and under the circumstances it was made amounted to and was a redemption from such sale by him as holder of the Bracken & Goodell mortgage. *Lamb v. Feeley*, 71 Iowa, 742. Such being true, West, being the owner of the premises, could not effect redemption without paying to the clerk the amount due on the Bracken & Goodell mortgage held by the plaintiff, in addition to the

amount due under the sale to Montgomery; and this West did not do. West had knowledge of all the facts, and the fact that an action was pending to which a valid defense was pleaded is immaterial, for the reason that such defense had not been established. Besides this, the defense, we have reason to assume, simply went to the question that plaintiff was not entitled to foreclose the mortgage because he was a redemptioner. See the case of *Lamb v. Feeley*, above cited. This in no manner affected plaintiff's right to a sheriff's deed under the sale to Montgomery, nor did it have any effect on the right of West to redeem, or the amount of money he should pay in order to effectuate it.

As West failed to redeem, the next question is whether Haylor is an innocent purchaser without knowledge of the plaintiff's rights; and without doubt or hesitation we find he was not such a purchaser. On the contrary, we find he had at least sufficient knowledge of the plaintiff's rights to put him on inquiry. There cannot be any doubt as to this. We do not deem it necessary to set out the evidence, and such is not our practice. The judgment of the district court is

AFFIRMED.