W. M. STEPHENS v. F. P. MITCHELL, Sheriff, Appellant, and D. A. WYNKOOP, *et al.*, Appellants, v. W. C. GREGORY, *et al.*

**Redemption:** FORECLOSURE. The statutes give the mortgagor twelve months in which to redeem from sale under foreclosure. During the first six and the last three months, this right is exclusive in him. During the other three months his lien creditors may redeem from the sale and from each other. A sale was had under first mortgage and plaintiff bought the certificate. Within a few days later he bought a second mortgage. He foreclosed it, without objection by the mortgagor, and purchased at the sale. The mortgagor never offered to redeem from either sale, but within a few days before the year of redemption from the first sale expired, he made deed to a stranger, who then paid in sufficient to redeem from the first mortgage sale, and thereupon insists that all rights under the second sale were lost. *Held:*

a. The general rules of statutory redemption under which a mortgagor may redeem from sale under first mortgage without paying the second mortgagee who has not redeemed, have no application to cases where, during the period in which lien creditors may redeem, the same person holds the certificates of sale resulting from the foreclosure of both the first and second mortgages.

b. Under such circumstances, equity will consider that done which ought to have been done, and no rights will be lost because a party. who owned all rights under a first and second mortgage and all liens, failed to pay the clerk enough money to redeem from the first sale, which money he would have been entitled to withdraw from the clerk as soon as it was paid in.

c. Under these circumstances, the purchase of the second certificate would operate as a redemption if it were bought within six and nine months after the first sale, and though the right of redemption was exclusively in the mortgagor for the first six months, and such purchase within the first six months was, therefore, technically, not a redemption, it will operate as one where the certificate was held during both said periods, without an attempt at redemption by the mortgagor.

d. Consequently, a grantee of such mortgagor could not make an effective redemption from the sale under the first mortgage without paying enough to satisfy both sales.

ENTRY OF CREDIT. The only effect of the failure of the assignee of a certificate of sale under execution to enter on the sale book the amount he is willing to credit on his claim, under the provisions of Code, section 3115, is to require him to credit the debtor with the full amount of his claims on the land.

*Appeal from Jackson District Court.*—HON. W. F. BRAN-NAN, Judge.

SATURDAY, OCTOBER 9, 1897.

THE two proceedings above entitled were consolidated in the district court as involving the same subject-matter, and proper for disposition in the same trial. The controlling issue is as to the right of the plaintiff Stephens to a sheriff's deed to certain premises for which he holds a sheriff's certificate of sale on execution in a foreclosure proceeding. The district court gave judgment for the plaintiff in the first case, and dismissed the petition in the second case. The defendant sheriff in the first case and the plaintiff in the second case appealed.—*Affirmed.*

*Levi Keck* and *D. A. Wynkoop* for appellants.

*W. C. Gregory* and *L. A. Ellis* for appellee.

GRANGER, J. — The district court found, and placed of record, the facts, with its reasoning and conclusions of law, and we cannot better present the case than to set out the principal part of the opinion, as follows:

"These two cases relate to the same subject-matter, are dependent on the same facts, and by consent of parties were both tried together; the only difference between them being in the form of the actions. The first is an action of mandamus, instituted by the plaintiff Stephens, asking that the defendant Mitchell, as sheriff, be commanded to execute to the plaintiff a sheriff's deed for certain premises sold by him at judicial sales, the plaintiff being the holder of the sheriff's certificates executed pursuant to such sales. The other is a proceeding in equity, in which the plaintiffs, Wynkoop and Sloane, claim to be the absolute owners of the premises sold at such sheriff's sales. Their claim is based on a deed executed to them, before the year for redemption had expired, by one Lindenau, the execution defendant, of the said premises, and the payment by them to the clerk within the year of the amount which they allege was required for redemption. The prayer, in substance, asks that their title to said premises be confirmed and quieted; that the certificates of sale held by the said Stephens be set aside; and that Mitchell, the sheriff, whom they make a defendant, be enjoined from executing a sheriff's deed to the said Stephens on the said certificates of sale. The facts in the two cases appear to be these: On the twenty-eighth day of July, 1894, the premises in controversy were sold upon a special execution under a decree of foreclosure obtained by P. D. Griggs, as administrator of

the estate of Joshua Shanks, deceased, against Charles A. Lindenau. The plaintiff, Griggs, administrator, bought in the property at such sale, and the amount he bid for it was the sum then due upon the judgment of foreclosure, together with all interest and costs. The judgment, was consequently fully satisfied. On the thirtieth day of July,—two days after the foreclosure sale,—the said Griggs, as administrator aforesaid, duly assigned to the said Stephens the certificate of sale issued to him as purchaser of said premises by the sheriff who conducted the sale. In the said foreclosure proceeding W. C. Gregory acted as attorney for the plaintiff. Gregory himself held a mortgage on the same premises which was junior to that of said Griggs, and was made a party defendant in that proceeding. From all that appears, the conclusion is that he suffered a default to be taken against him. About or near the time that Stephens purchased the said certificate of sale he purchased and had assigned to him the junior mortgage held by Gregory. Stephens, after he had thus become the owner of the Gregory mortgage, foreclosed the same, and under the decree obtained on this last foreclosure proceeding the said premises were again sold, Stephens becoming the purchaser, and receiving the usual certificate of sale. The amount bid at this sale, it appears, fully satisfied the amount then due upon the judgment. Stephens thus held the certificates of purchase executed by the sheriff for both sal s; the first by assignment, and the other by purchase at the sale. Wynkoop and Sloane, within a very few days before the twelve months required for redemption from the first sale had expired, obtained a deed from Lindenau, the mortgagor in both cases, and deposited with the clerk the amount necessary to redeem from the first sale. It was said in argument that it was but two days before the time for redemption had expired, but I do

not think this makes any material difference, so long as
it was within the period for redemption. Stephens
refuses to accept the money thus tendered as redemp-
tion.

"The principal contention on the part of the defend-
ant Mitchell in the mandamus case, and Wynkoop and
Sloane, who are the plaintiffs in the equity suit, and the
main ground on which they rely to support their
title under the deed to them from Lindenau, is
that Stephens, under the assignment to him of
the Gregory mortgage, did not intend to redeem the
property from the sale under the Griggs mortgage, and
took no step to that end; and that his subsequent fore-
closure of the Gregory mortgage, and his purchase
under it, can be of no avail to him in this proceeding.
Section 4331 of McClain's Code gives to the defendant
in execution the right to redeem real property sold
under it. He can exercise this right at any time within
one year from the day of sale. For the first six months
and the last three months of the year his right is exclu-
sive. During the intervening three months, if no
redemption has been made by the defendant, lien cred-
itors have the right to redeem from each other. It is
hardly necessary to say that such creditors, in redeem-
ing from each other, have no unity of interest. Their
interests are generally adverse to each other. Atten-
tion has been called to the various provisions in relation
to redemption, and numerous decisions have been cited
as bearing upon the questions raised in this case. These
cases, and others not cited, have been carefully exam-
ined.  *  *  *  The contention of Wynkoop and
Sloane, the grantees of Lindenau, the judgment debtor,
as has been stated, is that their redemption from the
Griggs sale under the first mortgage completely cuts
out all rights which might have accrued to Stephens
under his subsequent foreclosure of the Gregory mort-
gage, and his purchase under it at sheriff's sale, since,

as they claim, there was no redemption made, and none intended to be made, by Stephens, from the sale under the prior mortgage. Their title to the property in dispute, they aver, is consequently superior to any claim or right on the part of Stephens. If the institution of the subsequent proceeding for the foreclosure of the Gregory mortgage was irregular or unnecessary, as claimed, the only person who could make complaint was Lindenau, the mortgagor. If he did not object to it then, his grantees cannot object to it now.

"Every case must be determined by its own facts. I have been unable to discover, in the multitude of authorities cited, any case which, in all its features, is strictly analogous to the one now in hand. We are, therefore, in this case, required to give to the statute authorizing redemptions by creditors such construction as will reasonably accord with the legislative object and intent. The statute, so far as it relates to creditors, is manifestly intended to afford the means for relief to creditors whose liens are junior and subordinate to the lien of the elder creditor. It is true that it authorizes a senior creditor to redeem from a junior redeeming creditor, but that does not militate against the proposition above stated. It therefore contemplates, and is intended to provide for, cases between creditors of opposing interests. It does not, either in terms or by implication, contemplate a case where all the liens are held by the same person in his own right, and who is, consequently, the only creditor. In this case Stephens was the only creditor. He held, and was the owner, by proper assignment, of the certificate of sale under the Griggs foreclosure. He was the purchaser and owner of the certificate of sale under the foreclosure of the Gregory mortgage. There was no creditor, either senior or junior, from whom to make redemption. The object of the statute requiring certain

entries to be made by creditors, is mainly, if not wholly, intended to serve as a guide to other creditors who may be entitled to redeem. It consequently cannot apply to a creditor holding all the liens upon the property sold. Especially is this true when the evidence of his liens is a matter of public record, or at least known to the parties undertaking to redeem. The failure to make the record entries, which the grantees of Lindenau, the execution debtor, pronounce fatal to the rights of Stephens, would, under the circumstances of this case, have been a useless and unnecessary ceremonial. It gave no life to the deed under which they claim. A creditor can make redemption without the formula of a deposit with the clerk, since he can, by mutual agreement, redeem directly from the party holding the superior lien. *Goode v. Cummings*, 35 Iowa, 71. A junior creditor may take an assignment of the certificate of sale, and in such case the transaction amounts to, and actually is, a redemption. *Lamb v. Feeley*, 71 Iowa, 743. A senior creditor may, under the statute, redeem from a junior creditor, and this can be done by proper assignment. No possible prejudice can result to the debtor from such transaction. In the case at bar Stephens purchased, and had duly assigned to him, the certificate of sale under the Griggs foreclosure. He purchased, and had duly assigned to him, the Gregory mortgage, which appears to have been the only remaining lien left on the property sold under the first foreclosure. The subjecting the property to a second foreclosure under the Gregory mortgage, and purchase of it at sheriff's sale, may have been an unnecessary proceeding, still it bars Stephens of no right in the present case. It at least accomplished this much: It showed him to be an actual purchaser at the sheriff's sale, and the holder of the resulting certificate. He thus had united in him, through judicial procedure, the claims of all creditors of the debtor Lindenau. Under these circumstances he was not

required to go through the form of redeeming from himself, or from a claim he himself held. Holding, thus, all the claims against the property, they became merged, and constituted an entirety, and had all the effect flowing from a formal redemption. This conclusion is plainly deducible from the decision in *Lamb v. Feeley, supra.* In that case, as has been stated, the plaintiff, who was the assignee of the junior mortgage, redeemed from the prior sale by securing an assignment of the certificate of sale. He subsequently undertook to foreclose the junior mortgage, and, upon proper defense being made, it was held that the mortgage and the debt for which it was given, under section 3114, Original Code (section 4343, McClain's Code), had become extinguished. This result could only be reached upon the theory, clearly indicated by said section, that the redemption from the former sale operated and had the effect of a merger of both claims. The plaintiff in that case, like the plaintiff in this case, clearly indicated his desire to hold the property, since he took no steps showing an unwillingness to hold it, as provided in section 4344 of McClain's Code. It is true that in the case of *Lamb v. Feeley* the proceeding to foreclose the junior mortgage was commenced after the plaintiff had obtained the sheriff's deed on the certificate of sale assigned to him. In this case Stephens sought to obtain a sheriff's deed on the expiration of the period for redemption, but the sheriff refused to make it. In principle there is no essential difference between that case and the one at bar. In each of the cases the union of both the liens and the manner in which such union was accomplished operated, under the statute, as a merger of both claims; and a valid redemption can only be made by redeeming from both liens. It is, however, insisted by counsel that Stephens did not intend to redeem. If by that is meant that he intended to abandon his rights as purchaser under the foreclosure of the

junior mortgage, the question naturally recurs, what was his object in making the purchase, and thereby satisfying the full amount of the indebtedness? He owned, as the proof shows, business property immediately adjacent to the property in dispute, and had therefore, a personal interest in its acquisition. If it is meant,—as I presume it is,—that by his failure to make the entry of redemption on the clerk's record he forfeited, as against the grantees of Lindenau, all rights under his said purchase, counsel are equally in error. But, in any event, this presents a proper case for the application of the well-settled rule in equity that 'equity will consider that as done that ought to have been done,'—a rule that is repeatedly applied to relieve purchasers from omissions that prejudice no one. If the assignment to him of the Gregory mortgage did not take immediate statutory effect as a redemption from the prior sale, it would, by operation of law, have that effect at the expiration of the six months following the first sale. The provisions of the statute providing for and regulating redemptions by creditors have no application to a redemption made by the defendant. If the defendant had, in this case, sought to make redemption at the time of his conveyance to Sloane and Wynkoop, he would have been obliged to redeem from both sales in order to give validity to the redemption. His grantees are in no better position, under the circumstances of this case, and have no greater rights than he possessed. Their redemption, to be effectual, must be from both sales. Redemption from one will not suffice. I am clearly of opinion that Stephens is entitled to a deed under his certificates of sale, and judgment in his favor is accordingly ordered in the mandamus proceeding, to which the defendant excepts. The petition in equity filed by Sloane and Wynkoop is ordered to be dismissed, to which they duly

except. Let judgments in both cases be in accordance with the above.   *   *   *

"These cases were taken under advisement, and by consent of parties the judgment of the court was to be entered as of the last day of the November term, 1895. W. F. Brannan, Judge."

In this court it is urged that the suit by Stephens for a mandamus to compel the sheriff to execute a deed is premature, because the sale under the foreclosure of the Gregory mortgage was October 16, 1894, and the year for redemption would not expire till October 16, 1895, before which time he was not entitled to a deed, and his suit was commenced August 24, 1895. The argument is based on a misapprehension of fact. It is appellee's contention that his right to a deed is because there has been no redemption from the sale under the foreclosure of the Griggs mortgage; that to a proper foreclosure from that sale it was not enough to pay in the amount of that mortgage, with costs, but that, in addition, there must be enough to satisfy the Gregory mortgage or judgment, owned by Stephens. Looking to the petition, it is plain that the action is for a deed to which Stephens became entitled July 28, 1895, under the foreclosure of the Griggs mortgage. The record also shows, against appellants' contention, that there was a demand for a deed before the commencement of the mandamus proceedings. In expressing our concurrence in the conclusions of the district court, we wish to emphasize what is said in its opinion as to the facts of the case being unusual, and, evidently, not within the letter of our statutes on the subject of redemptions. As is said, there is but a single creditor, with the two foreclosure judgments. Both are liens, and if both are not to be paid it is because the judgment creditor did not observe the idle form of paying money into court for himself. The observance of a mere form

would have protected his rights. The failure to observe it is without prejudice to any one. The reasons for the prescribed methods of redemption do not exist in this case as to Stephens. Stephens bought the Gregory mortgage, and afterwards purchased the certificate under the Griggs sale within six months of the sale. Had he made the purchase after the six months, and within the nine months, the transaction would have been a redemption by Stephens from Griggs, as held in *Lamb v. Feeley*, 71 Iowa, 742; *Lamb v. West*, 75 Iowa, 399; and there would then be no question but that, to redeem, Lindenau, or his assigns, must do so from both judgments. As Stephens purchased the Griggs certificate within the six months, it was not technically a redemption, and within the six months Lindenau could have redeemed by paying the Griggs judgment. This was not done, and Stephens held both judgments during the period in which he could have acquired both, and been protected. The practical effect is the same as to the judgment debtor.

We are cited to *Bank v. Percival*, 61 Iowa, 183, where it is held that a creditor may redeem from himself. We do not determine in this case that it may not be done, nor are we holding that it might not be required in some cases. The questions in that case were between creditors, and there was a redemption by a creditor from himself. It is not therein held that it was necessary, but only that it could be done. There is nothing in *Moody v. Funk*, 82 Iowa, 1, nor in *Bevans v. Dewey*, 82 Iowa, 85, not in harmony with the conclusion in this case.

Some importance is attached to a failure of Stephens to enter on the sale book the amount he was will-

ing to credit on his claim under the provisions of Code, section 3115. The only effect of such a failure was to require him to credit the debtor with the full amount of his liens, which we understand to be his purpose. The judgment in both cases will stand AFFIRMED.