| 43 | 643 |
|-----|-----|
| 133 | 192 |

THE IND. SCHOOL DIST. OF WEST POINT V. WERNER.

1. **Judgment:** LIEN: WOOD AND TIMBER.   A judgment lien on land constitutes no property in the land itself, and the judgment debtor has a right, previous to a levy, to cut timber and fire wood, which, if not removed, are his personal property and do not pass by execution sale.

*Appeal from Lee District Court.*

SATURDAY, JUNE 17.

THE Independent School District of West Point, plaintiff and appellant, avers in its petition that it obtained judgment against the defendant, and one Charles Peters and others, on which an execution issued and was returned: "no property found of defendant's." Afterward plaintiff brought a suit in equity against the said Charles Peters and others, for the purpose of subjecting to the payment of said judgment certain land to which it was averred that said Charles Peters formerly held title, but which he had fraudulently conveyed to the other persons made parties defendant to that suit. Decree was rendered in favor of the plaintiff. The judgment was established as a lien on the land, and a special execution was ordered to be issued and levied on the same, which was done.

Afterward, and before sale this suit was brought. The petition avers, in addition to the facts above set forth, that Wm. Werner, the defendant in this suit, entered upon said land by himself and servants since the date of the decree, and cut wood and carried off the same, and that a portion of the wood so cut still remains on the land; that the defendant then had several hands chopping wood on said land, for the purpose of removing the same, and was greatly depreciating the value of said land, and impairing the plaintiff's security and lien thereon; and the petition prays that the defendant be restrained from the further chopping of wood on said land and from removing the wood already chopped.

The answer admits the decree; avers that defendant had

control of the land for twenty-four years, during which time he had paid taxes and cut from it his fire-wood and fence posts; admits that there were several cords of fire-wood, some fence posts and rails cut and remaining on said land, but avers that they were cut before the decree was rendered, and denies that he has removed wood since the decree, and denies that any one has done so for him.

The defendant moved for a dissolution of the injunction. The motion was sustained and the plaintiff appeals.

*Casey & Hobbs*, for appellant.

*M. B. Davis*, for appellee.

ADAMS, J.—What interest, if any, the defendant had in said land, does not appear from the record. He had paid the taxes on the land for twenty-four years, and obtained his fire wood and fencing therefrom. This court will not presume that he was a trespasser, and in no respect is the case more favorable to the plaintiff than it would be if the defendant was owner of the land, and had done the acts complained of.

At the time of the alleged cutting and removal of wood and timber, no decree had been rendered in favor of the plaintiff. At that time the plaintiff was, at most, a mere judgment lien holder. Plaintiff had, it is true, brought suit in equity to set aside the title of those in whom it stood of record, but no attachment had issued and no levy had been made. "A judgment lien on land constitutes no property or right in the land itself; it only confers a right to levy on the same to the exclusion of other adverse interests subsequent to the judgment." *Rodgers v. Bonner*, 45 N. Y., 379.

A judgment debtor, therefore, has a right to cut fire wood and timber upon his land previous to a levy, and it follows that such wood and timber cut, but not removed, become his personal property, and do not pass by a levy upon, and sale of, the land.

We think the injunction was properly dissolved.

AFFIRMED.