Kreck v. Pitzelberger et al.

---

KRECK v. PITZELBERGER ET AL.

1. **Mortgage**: ACTION TO CANCEL: BURDEN OF PROOF. Where plaintiff's note and mortgage were in the possession of defendants, before plaintiff could have the record of the mortgage canceled on the ground that it had never been delivered, it was incumbent upon her to establish that fact by a preponderance of the evidence, which she has failed to do.

*Appeal from Winneshiek District Court.*

TUESDAY, JUNE 10.

THIS is an action in equity, by which the plaintiff seeks to cancel of record a certain mortgage upon forty acres of land, executed by her to the defendant, Pitzelberger. It is claimed that the mortgage is void because it was never delivered to Pitzelberger, and because part of the consideration therefor was intoxicating liquors sold by said defendant to plaintiff's husband in violation of law. There was a trial in the district court, and a decree for the defendant. Plaintiff appeals.

*Brown & Portman*, for appellant.

*L. Bullis*, for appellees.

ROTHROCK, CH. J.—The note, and the mortgage given to secure the same, being in the possession of the defendants, the burden of proof was on the plaintiff to show by a preponderance of the evidence that they were not delivered, and that, therefore, the mortgage never was a valid instrument. A careful examination of the evidence leads us to the

conclusion that the district court correctly found that the evidence was not sufficient to authorize a decree for the plaintiff. We think that the finding, that the plaintiff did not establish the allegation that part of the consideration of the mortgage was for intoxicating liquors unlawfully sold, is also correct. We need not set out or discuss the evidence.

AFFIRMED.