OF

## THE STATE OF IOWA,

AT

### DES MOINES, JANUARY TERM, A. D. 1891,

IN THE FORTY-FIFTH YEAR OF THE STATE.

---

W. C. Moody, Appellee, v. Peter Funk, Appellant.

Mortgage: FORECLOSURE: REDEMPTION: RIGHTS OF JUNIOR LIEN-
HOLDER. Where one purchases a mortgagor's right of redemption
from a foreclosure sale of lands under a senior mortgage after the
right of junior lienholders to redeem therefrom has become barred,
and redeems the land from such sale, he will hold the land dis-
charged from the claims of junior lienholders who might have
redeemed from said sale, and may maintain a bill in equity to quiet
his title as against such liens.

*Appeal from Calhoun District Court.*—Hon. J. P.
Conner, Judge.

Vol. 82—1                                                        ( 1 )

| 82 | 1 |
| 82 | 88 |
| 82 | 1 |
| 87 | 338 |
| 82 | 1 |
| 91 | 139 |
| 82 | 1 |
| 103 | 75 |
| 82 | 1 |
| 107 | 680 |
| 82 | 1 |
| f108 | 89 |
| 108 | 149 |
| 82 | 1 |
| o119 | 589 |
| 82 | 1 |
| 122 | 323 |
| 122 | 326 |
| 122 | 327 |
| 123 | 519 |
| 82 | 1 |
| 124 | 207 |
| 82 | 1 |
| 133 | 183 |

TUESDAY, JANUARY 27, 1891.

THIS is an action in equity, commenced to restrain the enforcement of a mortgage owned by defendant, Peter Funk, and judgments owned by defendant, H. J. Griswold, against land conveyed to plaintiff by the grantee of the mortgage and judgment debtors. The defendants named demurred to the petition. The demurrers were overruled, and, the defendant Funk electing to stand upon his demurrer, judgment was rendered in favor of plaintiff, and Funk appeals. *Affirmed.*

*M. D. O' Connell,* for appellant.

*O. J. Jolley,* for appellee.

ROBINSON, J.—The facts admitted by the pleadings which are material to a determination of this case are substantially as follows: One James J. Gordon was the owner of the eighty-acre tract of land in controversy from the eighth day of March, 1884, until the fifteenth day of November, 1886. On the date first named he executed a mortgage on the land in favor of the Ætna Life Insurance Company, to secure the sum of six hundred dollars. On the seventeenth day of the same month he executed a second mortgage to the defendant Funk, to secure the sum of two hundred dollars. On the fifteenth day of November, 1886, he conveyed one forty-acre tract of the land to his wife, and on the third day of February, 1888, he conveyed to her the remainder. The mortgage to the Ætna Life Insurance Company was foreclosed in April, 1887, the defendant Funk being made a party to the foreclosure proceedings; and on the twentieth day of June, 1887, all the land was sold to the Ætna Life Insurance Company to satisfy the judgment of foreclosure. On the twelfth day of May, 1888, Mrs. Gordon and her husband conveyed the land to plaintiff, and on the eighteenth day of the next June he redeemed the land from the foreclosure

sale by paying to the clerk of the district court of Calhoun county the amount required for that purpose. The plaintiff seeks to have the defendant Funk enjoined from enforcing his mortgage against the land, and asks to have his title quieted as against that mortgage. As a ground of demurrer the defendant Funk alleged that the averments of the petition do not entitle plaintiff to the relief demanded.

In *Crosby v. Lodge*, 16 Iowa, 400, it was held that real estate sold in partial satisfaction of a judgment lien thereon was subject to a second sale to satisfy the remainder due on the judgment, after redemption from the first sale by a purchaser of the interest of the judgment debtor. It was said that, "if the debtor or his grantee redeem land which had been sold in part satisfaction of a subsisting judgment, the property at once becomes liable to satisfy the unpaid balance of the execution from the moment of such redemption." That decision, so far as it was applicable to redemptions made by the grantee of a judgment debtor, was in effect overruled by subsequent decisions. *Clayton v. Ellis*, 50 Iowa, 590, and cases therein cited. There is not entire harmony in the language of some of the cases in regard to the rights of junior lienholders, and the effect of redemptions, and both parties to this appeal rely with much apparent confidence upon decisions of this court as supporting their respective claims. But it will be found that the conflict is chiefly between statements in the nature of *dicta*, rather than between the decisions on questions actually involved. Thus, in *Clayton v. Ellis*, *supra*, it was said that "the better rule is that the lien of the judgment as to the unsatisfied balance on the real estate sold is as to all persons and in all cases divested by the sale;" but the question actually involved and determined was "whether the holder of an unsatisfied balance of a judgment can redeem from an execution sale made under the same judgment," and it was answered in the negative. That decision was approved in *Haydon v. Smith*, 58 Iowa, 287; *Todd v. Davey*, 60 Iowa, 534.

That the lien of the judgment would not be divested "as to all persons" by the sale, was held, in effect, in *Harms v. Palmer*, 73 Iowa, 446; *Campbell v. Maginnis*, 70 Iowa, 589; *Peckenbaugh v. Cook*, 61 Iowa, 478, and other cases; for it was said in the cases cited that, if the judgment debtor redeem, the land redeemed would become subject to the lien of the unpaid portion of the judgment. But there is a marked difference between the case of a redemption by the judgment debtor and that of a redemption by his grantee. It is the policy of the law to secure to the debtor, as nearly as is practicable, the full value of his property sold on execution. If the execution creditor fail to bid for the land sold a just amount, the debtor should be permitted to transfer his interest to another for a fair consideration; and, if his grantee redeem, the execution creditor has no right to complain, for he might have bid for the land a larger sum. Nor is a junior lienholder prejudiced by such a transfer. It does not affect his right to redeem within the time given him by law, and, if he is not willing to give more for the land than the amount for which it was sold, he should not prevent the debtor from realizing what he can for his property. Where the debtor redeems, and thus restores to his estate land subject to execution for other debts, there is more ground for holding that it may again be sold to satisfy the remainder of the unpaid judgment. But, however that may be, we are of the opinion that the grantee of the execution debtor, who, as in this case, acquires the interest of his grantor after the right of a junior lienholder to redeem is barred by lapse of time, may redeem without removing such bar, and thus perfect in himself the title to the land sold. Our conclusion has support in the following cases: *Harms v. Palmer*, 73 Iowa, 446; *Campbell v. Maginnis*, 70 Iowa, 590; *Peckenbaugh v. Cook*, 61 Iowa, 478; *Escher v. Simmons*, 54 Iowa, 275; *Clayton v. Ellis*, 50 Iowa, 590.

The judgment of the district court is AFFIRMED.