M. J. BEVANS, Appellant, v. MARY G. DEWEY, Appellee.

1. **Mortgage:** FORECLOSURE: SALE: RIGHTS OF JUNIOR MORTGAGEE. Where in an action for the foreclosure of a mortgage upon real estate, a junior mortgagee, who is made a defendant by cross-petition, obtains the foreclosure of his mortgage in the same action, and the decree provides "that special executions issue on the judgment of plaintiff or said defendant, or both, as they may determine," a sale of the premises on special execution to satisfy the senior mortgage will not operate to exhaust the right of the junior mortgagee under such decree to have a sale of the same premises under a second execution.

2. ———: ———: ———: REDEMPTION BY JUNIOR INCUMBRANCERS. The widow of the mortgage debtor in such case having acquired the interest of the other heirs in the mortgaged premises, and redeemed from a sale thereof under the senior mortgage, after the expiration of nine months, *held*, that she was entitled to hold the same free from the lien of a second mortgage given by herself and husband to secure a debt for which the husband alone was liable.

*Appeal from Henry District Court.*—HON. H. C. TRAVERSE, Judge.

SATURDAY, JANUARY 31, 1891.

ACTION to quiet the title to real estate. There was a trial by the court, and a judgment rendered in favor of defendant. The plaintiff appeals.—*Reversed.*

*R. Ambler & Son*, for appellant.

*Woolson & Babb*, for appellee.

ROBINSON, J.—The plaintiff claims to be the absolute owner of the property in controversy, which is described as lot 8 of block 45 in Mt. Pleasant. She is the widow of M. T. Bevans, who died on the fourth day

of August, 1884. Prior to that time the property was owned and occupied by the husband and wife as a homestead. While it was so occupied they executed thereon three mortgages, the first of which, in order of priority, was in favor of William Fullerton, the second in favor of the defendant, and the third in favor of said Fullerton. The mortgage debts were owed solely by M. T. Bevans. Action was commenced by Fullerton to foreclose the mortgages to him, to which Bevans and his wife and the defendant in this action were made parties defendant. The defendant, Mary G. Dewey, appeared and filed a cross-petition, in which she demanded the foreclosure of her mortgage. Bevans and his wife made no appearance. On the nineteenth day of March, 1883, they were adjudged in default. Judgment was rendered in favor of Fullerton, and against M. J. Bevans, for one hundred and fifteen dollars and ninety-two cents, on account of the debt secured by the first mortgage; in favor of Mary G. Dewey, and against Bevans, for two hundred and nineteen dollars and eighty-eight cents, on account of the debt secured by the second mortgage; and in favor of Fullerton and against Bevans for two hundred and thirty-nine dollars and fifteen cents, on account of the debt secured by the third mortgage. It was further decreed "that the several mortgages securing said claims of plaintiff and defendant, Mary G. Dewey, be foreclosed as against all the other parties hereto, and that special executions issue on the judgment of plaintiff or defendant, or both, as they may determine, and said mortgaged premises be sold on either or both of said judgments, and that on the sale of same all the rights of each and every one of the defendants in and to the same be forever barred, foreclosed and cut off. That on a sale of said mortgaged premises the proceeds shall be applied: *First,* to the payment of the costs herein; *second,* to the payment of the judgment of plaintiff on his first note and mortgage; * * * *third,* to the payment of Mary G. Dewey's judgment herein, and interest; and, *fourth,* to the judgment of

plaintiff on his second mortgage, to-wit, for two hundred and thirty-nine dollars and fifteen cents, and interest. That said parties, to-wit, plaintiff and Mary G. Dewey, have general execution for any balance remaining."

Fullerton caused an execution to issue in his favor, for the sum of three hundred and fifty-five dollars and five cents, and costs, which ordered the sale of the property in question, and directed that "the proceeds be paid and applied as per decree" in the case. The property was sold under that execution on the fourteenth day of June, 1884, to William Fullerton, for one hundred and fifty-six dollars and ninety-one cents. After that date, plaintiff obtained from the heirs of her deceased husband conveyances to herself of all their interest in the property. On a subsequent date, to-wit, on the fourth day of June, 1885, she redeemed the property from the Fullerton sale. On the eleventh day of June, 1885, defendant caused to be issued a special execution for the satisfaction of the judgment in her favor, and, on the sixteenth day of the next July, the property was sold to her under that execution for the sum of two hundred and eighty-seven dollars and sixteen cents. Redemption not having been made, a sheriff's deed was executed to defendant on account of the sale. The money paid by plaintiff to redeem from the first sale belonged to her in her own right, and was not derived from the estate of her deceased husband. Since his death she has occupied the premises continuously as a homestead. This action is brought to quiet the title of plaintiff as against the title claimed by defen_ant under her sheriff's deed, and to restrain defendant from claiming title adverse to that of the plaintiff. The district court dismissed the petition of the plaintiff, denying her all relief.

I. It is claimed by the appellant that but one decree was rendered in the foreclosure proceedings; that it does not provide for more than one sale and that the sale to Fullerton exhausted the rights of both Fullerton and the defendant to a special execution; that, as the

1. MORTGAGE: foreclosure: sale: rights of junior mortgagee.

property in question was a homestead, it was not subject to the lien of a general judgment, hence could not be sold on a general execution issued on account of the unpaid portion of the judgment. We do not think the claim of appellant is well founded. The decree provides, in terms, for the issuing of special executions in favor of Fullerton and Mary G. Dewey, "as they may deter-mine." They determined upon a special execution in favor of each, as they were authorized to do by the decree. There was, in effect, a judgment in favor of each party on independent claims, which, as a matter of convenience, were reduced to judgment in a single action. The Fullerton sale did not have the effect of a sale under special execution issued on a decree of foreclosure to satisfy the first of several sums secured by the mortgage foreclosed. It did not of itself satisfy the mortgage right, and sale under a special execution in favor of Mary G. Dewey was authorized.

II. The principal question for our determination is, did the sale of Fullerton, the failure of the defend-

2. ——:——:——:   ant to redeem in the manner and within
redemption by   the time provided by law, and the acquir-
junior incum-   ing of the title and redemption by the
brancers.

plaintiff, terminate the right of defendant to sell the premises to satisfy her judgment? We think her rights are the same as they would have been had she foreclosed her mortgage in an original proceeding, instead of doing so by means of a cross-petition in the action commenced by Fullerton. She was a party to the Fullerton decree, and is chargeable with notice of the sale under it. She has had the opportunity of redeeming from it, but neglected to improve it. As a junior incumbrancer, by permitting redemption to be made, not by the judgment debtor, but by one who held title as his widow and as grantee of his heirs, she lost the right to enforce her judgment against the property so redeemed. The case is within the rule announced in *Moody v. Funk, ante,* p. 1. Whether defendant could have enforced her judgment against the property in

controversy had it been redeemed by the judgment debtor in view of its homestead character, is a question we find it unnecessary to determine.

The judgment of the district court is REVERSED.