R. M. WELLS v. W. W. ORDWAY, Appellant.

**Foreclosure:** SUBSEQUENT MORTGAGEE: *Extinguishment.* A subsequent mortgagee purchased the first mortgage, which he foreclosed, and bought the property for the amount of the decree, etc, without making any reference to subsequent mortgages held by him, in foreclosing or selling. He made no attempt to redeem from himself and accepted redemption money on the first mortgage sale. *Held,* that the lien of such mortgages was thereby extinguished, and that a purchaser of the mortgagor's equity of redemption was entitled to their release on payment of the amount due upon the foreclosure decree.

*Appeal from Monona District Court.*—HON. WILLIAM HUTCHINSON, Judge.

FRIDAY, APRIL 7, 1899.

SUIT in equity to quiet title and to have certain mortgages held by defendant canceled and released. Decree for plaintiff, and defendant appeals.—*Affirmed.*

*MacKenzie, Dewey & Jackson* for appellant.

*Chrisman & Chrisman* for appellee.

DEEMER, J.—The facts which are not in dispute are as follows: October 1, 1887, one Isom was the owner of one hundred and twenty acres of land lying in Monona county.

On that day he executed a mortgage on the premises to one Edward S. Hall to secure a note for the sum of six hundred and fifty dollars. Thereafter Isom sold the land to one Tipton, and Tipton, on the 9th day of January, executed a mortgage upon the same to the defendant, Ordway, to secure a note for the sum of four hundred and sixty dollars. Afterwards, and on the 16th day of April, 1894, Tipton executed a second mortgage upon the premises to Ordway to secure a note for the sum of six hundred and twenty-five dollars. These last two mortgages were duly filed for record within a few days after their execution. Some time prior to October, 1895, Hall sold and transferred his note and mortgage to Ordway, and Ordway brought suit upon the note and to foreclose the Hall mortgage at the October, 1895, term of the district court of Monona county. No mention was made in his petition of the two other notes and mortgages held by him upon the land. He obtained a decree in his foreclosure suit on the 27th day of December, 1895, and the premises were sold to Ordway under the decree for the amount of the judgment, interest and costs. On December 21, 1896, Tipton sold the premises to the plaintiff, Wells, for the sum of twenty-five hundred dollars, and executed to Wells a warranty deed with covenants against all incumbrances save the judgment and decree rendered in the foreclosure proceedings. On the 24th day of December, 1896, Wells redeemed the lands from the foreclosure sale by paying the clerk of the district court of Monona county the exact amount of the judgment in the foreclosure case, interest and costs, and taking the clerk's certificate therefor. Defendant, Ordway, accepted the redemption money from the clerk, and plaintiff is now in possession of the land. After the redemption, plaintiff tendered to defendant the sum of one dollar and twenty-five cents, and demanded a quitclaim deed for the premises and a release of the two mortgages executed to him by Tipton. Defendant refused to comply with the request, and this suit followed.

Defendant contends that the two mortgages executed to him by Tipton are liens upon the land, and the plaintiff is not entitled to a release of the same; while, on the other hand, plaintiff insists that as defendant was the owner of all the mortgages when he commenced his foreclosure proceedings, and as he did not include them in his foreclosure proceedings, and did not, as a junior creditor, redeem from the foreclosure sale, his two mortgages executed by Tipton are released and satisfied by operation of law. Now, while it is no doubt true that foreclosure of a mortgage may be had for installments due, and the cause continued, on plaintiff's application, for the maturity of subsequent installments (see *McDowell v. Lloyd*, 22 Iowa, 448; *Burroughs v. Ellis*, 76 Iowa, 649), yet that course was not adopted in this case. The court was neither asked to retain jurisdiction of the case in order that the subsequent mortgage might be foreclosed, nor was any mention made of them, either in the petition or in the decree granted by the court. The suit was simply to foreclose the Hall mortgage, and the decree ordered the sale of the premises to satisfy the same. After the sale, Ordway did nothing to protect the liens held by him under the Tipton mortgages. On the contrary, he accepted the redemption money without protest, evidently in the belief that the Tipton mortgages were still liens upon the land. In the case of *Bank v. Percival*, 61 Iowa, 183, and *Stephens v. Mitchell*, 103 Iowa, 65, we held that a creditor may redeem from himself. We are not to be understood as holding, however, that Ordway had such a right in this case. Attention is called to the matter simply to show that he did not attempt its exercise. What, then, are Ordway's rights in the premises? We have frequently held that, unless the court retains jurisdiction of the case to provide for future installments, a sale of the mortgaged premises under foreclosure passes to the purchaser all the title and interest of the mortgagor and mortgagee in and to the premises, and that the purchaser takes free from the lien of the unpaid installments. *Escher v. Simmons,*

54 Iowa, 269; *Poweshiek County v. Dennison,* 36 Iowa, 244; *Harms v. Palmer,* 61 Iowa, 483; *Hardin v. White,* 63 Iowa, 633. So where a mortgage is foreclosed for one installment of the debt, and during the period of redemption the mortgagor conveyed the property to a third person, agreeing to redeem, and afterwards did redeem, it was held that such third person took the property free from the lien of the mortgage as to the balance. *Micklewait v. Raines,* 58 Iowa, 605. See, also, *Escher v. Simmons,* 54 Iowa, 296; *Todd v. Davey,* 60 Iowa, 532; and *Blake v. Black,* 55 Iowa, 252. But it is contended that these rules do not apply to a case where the mortgagee holds separate notes and mortgages. We do not see that this fact in any manner affects the principle to be applied. If the two Tipton mortgages had been held by a stranger to the Hall mortgage, and this stranger had been made a party to the proceedings, there is no doubt that such stranger's right would be lost after his statutory right of redemption expired. On what theory, may we ask, does Ordway have any greater rights than such stranger? He was a party to the suit. He owned the Tipton notes and mortgages at the time the action was commenced, and held them at the time plaintiff made a redemption, yet he did nothing to protect them, and seemed content to accept the money paid by way of redemption. In order to protect himself, Ordway should have asked the foreclosure of all his mortgages, or, if he did not see fit to take this course, he should have bid all that he thought the land was worth, and applied the excess over and above the amount of the judgment on the Hall notes to the satisfaction of his other notes. He may, perhaps, have had the right to redeem from himself; but in no event should he be allowed to speculate upon his debtor's necessities. *Harms v. Palmer, supra; Escher v. Simmons, supra; Dickinson v. White,* 64 Iowa, 708. In the case of *Moody v. Funk,* 82 Iowa, 1, which was in principle quite like the case at bar, we said: "But there is a marked difference between the case of a redemption by the judgment

debtor and that of a redemption by his grantee. It is the policy of the law to secure to the debtor, as nearly as is practicable, the full value of his property sold on execution. If the execution creditor failed to bid, for the land sold, a just amount, the debtor should be permitted to transfer his interest to another for a fair consideration; and, if his grantee redeems, the execution creditor has no right to complain, for he might have bid for the land a larger sum. Nor is a junior lienholder prejudiced by such a transfer. It does not affect his right to redeem within the time given him by law, and, if he is not willing to give more for the land than the amount for which it was sold, he should not prevent the debtor from realizing what he can for his property." *Harms v. Palmer,* 73 Iowa, 446, is quite like the case at bar and in it we find this language: "If it was impracticable for the judgment debtor to avail himself of the right on account of the balance of the mortgage debt due by judgment against him, his only resource was to sell his right of redemption for what he could get. The defendant has no reason to complain that he is not allowed to follow the land. He should have bid at the execution sale until the property brought its full value. This court has persistently refused, as will be seen by the later decisions respecting judgment creditors' rights after execution sale, to lend itself to any scheme to sacrifice the judgment debtor's property." See, also, *Bevans v. Dewey,* 82 Iowa, 85 ; and *Kilmer v. Gallaher,* 107 Iowa, 676. We are clearly of opinion that defendant's lien by reason of the Tipton mortgage is lost, and that the trial court was right in granting to plaintiff the relief demanded. The case of *Spurgin v. Adamson,* 62 Iowa, 661, relied upon by appellant, is not in point. In that case plaintiff did not own all the mortgages at the time he commenced his foreclosure suit. He acquired an independent lien after bidding in the property at a sale under his mortgages. Neither does *Stephens v. Mitchell,* 103 Iowa, 65, announce a rule at variance with what we have said. In that case Stephens bought the sheriff's

certificate issued under the foreclosure sale of a mortgage in which he had no interest, and subsequently bought a second mortgage, which he proceeded to foreclose. It was held that redemption from the first sale did not affect the second foreclosure.

The doctrine of merger does not apply to this case. If it did, we would be inclined to hold there was no merger of the Tipton mortgages. The only questions relate to the effect of a foreclosure for a part of defendant's claims, and a redemption from the sale thereunder. The decree of the district court is AFFIRMED.