CO-OPERATIVE SAVINGS AND LOAN ASSOCIATION, Plaintiff and Appellant, v. JOHN KENT and ELIZABETH S. KENT, Defendants and Appellants; and H. G. GRAAF, H. B. EGBERT, S. J. EGBERT, BOLDEN & FURMAN, FIRST NATIONAL BANK OF ESTHERVILLE, A. O. PATTERSON, J. B. GOULD, M. REIGELMAN & Co., and D. B. FISK & Co., Defendants and Appellees; and A. W. DAWSON, Intervener and Appellee.

**Redemption:** ESTOPPEL: *Mortgages.* One taking a deed from the mortgagor of the premises after the first mortgage had been foreclosed, and redeeming from the foreclosure sale, is not estopped. by a recital in her deed that the conveyance is subject to a second mortgage, to allege the subsequent exinguishment of such second mortgage by failure of the holder thereof to redeem from the sale in the foreclosure suit, to which suit he was a party.

*Appeal from Emmet District Court.*—HON. W. B. QUARTON, Judge.

SATURDAY, APRIL 8, 1899.

SUIT in equity to foreclose a mortgage upon certain lots in the town of Estherville. The trial court rendered judgment for the amount of certain notes executed by the defendant Kent, but denied the prayer for foreclosure of the mortgage. Plaintiff and the Kents appeal.—*Affirmed.*

*P. A. Sawyer* for appellant Co-operative Savings and Loan Association.

*J. G. Myerly* for appellants John and E. S. Kent.

*C. W. Crim* and *E. A. Morling* for appellees.

Deemer, J.—John and Elizabeth Kent, who were at one time the owners of the lots which are covered by plaintiff's mortgage, mortgaged the same to H. G. Graaf to secure the sum of five hundred dollars. Thereafter, on the first day of June, 1894, they gave to plaintiff the mortgage in suit, to secure the payment of the sum of one thousand one hundred dollars. In December of the year 1895, Graaf began foreclosure proceedings upon his mortgage, making the Kents, plaintiff, and others defendants. He obtained a decree, and on March 14, 1896, the sheriff sold the lots to Graaf, who took the certificate of sale. June 30, 1896, the Kents conveyed the premises to one J. B. Chastain by warranty deed, which recited that the conveyance was subject to plaintiff's mortgage. Thereafter, and on October 29, 1896, Chastain conveyed the lots to defendant N. B. Egbert. This conveyance was by quitclaim, which recited a consideration of one hundred dollars. January 9, 1897, either Egbert or his wife, S. J. Egbert, another of the defendants, paid Graaf the amount claimed by him under the certificate of sale, and Graaf assigned the same to S. J. Egbert. As no other or further redemption was made, the sheriff issued a deed to Mrs. Egbert on the fifteenth day of March, 1897. The deeds from the Kents to Chastain and from Chastain to Egbert were recorded at or about the time of their execution, and there is no doubt that both the Egberts had notice of the conditions in the deed from the Kents to Chastain. Instead of redeeming from the sale, plaintiff commenced this suit to foreclose on March 15, 1897, and now asks that it have judgment for the amount of its note, and a decree of foreclosure of the mortgage executed in the year 1894. The judgment

rendered against the Kents is not complained of, but it is insisted that plaintiff was entitled to a decree foreclosing its mortgage.

If it be true, as claimed by defendants, that S. J. Egbert purchased the sheriff's certificate of sale under which she received her deed, then there is no doubt that the decree as rendered by the trial court is correct; for plaintiff herein was made a party to the original forclosure suit, and it failed to redeem within the time allowed by law. And the same result follows if it be found that the assignment and transfer of the certificate to Mrs. Egbert was merely a redemption by her husband from the foreclosure sale, in virtue of his deed from Chastain, unless it be true, as appellants claim, that the Egberts are estopped from asserting a claim hostile to plaintiff's mortgage by reason of the statement in the deed from the Kents to Chastain that it was "subject" to plaintiff's mortgage; and to this we will turn our attention, for it is the controlling question in the case.

This conveyance, as we have seen, was subject to plaintiff's mortgage, not to plaintiff's right to redemption in the Graaf foreclosure. The grantee did not assume or agree to pay it, it is true, but the form of his agreement was such that the land stood subject to the payment of the plaintiff's claim. *Trust Co. v. Mowery,* 67 Iowa, 113. Chastain purchased nothing more than the equity of redemption from the Graff foreclosure, and he held that subject to plaintiff's mortgage, which also gave it the right to redeem from the same foreclosure. But he did not agree to pay the plaintiff's mortgage, nor did he agree that it should always remain a lien upon the land, or that redemption might be made after the statutory period had expired. Notwithstanding the provision in the deed, plaintiff was required to keep its lien alive; and, if it suffered it to be extinguished by failure to make redemption, it cannot be heard to say that it is still a lien upon the land, and that the land should be subjected to the payment of the note it was made to secure. As it failed to

make redemption as provided in the Graaf decree, it lost all claim upon the property, and elected to look to Kent's personal obligation to pay the note. The Egberts did not, by their redemption, extinguish the lien of plaintiff's mortgage. That was brought about by its own failure to redeem from the sale under the Graaf mortgage. And as Chastain did not promise to pay plaintiff's mortgage, but took his deed subject thereto, the land should not be held for the payment of plaintiff's claim, if the lien of the mortgage has been extinguished by its failure to redeem from the foreclosure sale. In other words, while Chastain and the Egberts would be estopped from pleading any defect inhering in the plaintiff's mortgage, they are not precluded from taking advantage of the subsequent extinguishment of the lien of the mortgage due to the mortgagee's failure to redeem. There is a marked difference between a redemption by the judgment debtor and a redemption by his grantee. It is the policy of the law to secure to the debtor, as nearly as practicable, the full value of his property sold on execution; and, if the execution creditor fails to bid a just amount, the debtor should be permitted to transfer his interest to another for a fair consideration. And a junior lienholder is in no manner prejudiced by such transfer. It does not affect his right to redeem within the time allowed by law, and, if he is not willing to give more for the land than the amount for which it was sold, he should not prevent the debtor from realizing what he can for the property. When the grantee of the mortgagor acquires the right to redeem, and a junior lienholder fails to exercise his privilege, and is barred by lapse of time, the grantee may redeem without removing such bar, and thus perfect the title himself. *Moody v. Funk*, 82 Iowa, 4; *Bevans v. Dewey*, 82 Iowa, 85. As plaintiff lost its right to redeem and consequently its lien upon the land, and as the Egberts acquired a subsequent title, which is good against all the world, they are not estopped by reason of the provision in the Chastain deed from asserting that title. What rights the Kents may have against

Chastain or the Egberts by reason of the contracts between them, we have no occasion to determine. What we do decide is that plaintiff has lost its lien upon the property, and is therefore not entitled to foreclose its mortgage, as against the purchaser of the equity of redemption from the Graaf foreclosure. The Kents are in no position to insist that the property be subjected to the payment of plaintiff's claim. If they desired to save the security, they should have redeemed from the foreclosure sale, as they had a right to do. *Harvey v. Spaulding,* 16 Iowa, 397. In permitting the equity of redemption to expire, they lost the right to insist that the property should be subjected to the payment of plaintiff's claim. As neither Chastain nor the Egberts did anything to extinguish the lien on plaintiff's mortgage they are not estopped from saying that it has ceased to be a lien upon the property. The decree of the district court is right, and it is AFFIRMED.