A. T. COOPER, Appellant, v. EMMA MAURER, Appellee.

Mortgage Foreclosure: REDEMPTION BY ASSIGNEE OF MORTGAGOR.
The grantee of a mortgagor after foreclosure, who redeems
therefrom takes the property free from the lien of the mort-
gagor's judgment creditor who was a party to the foreclosure
and failed to redeem, and it is immaterial whether such
grantee makes redemption before or after the foreclosure sale.
This right of an assignee of a mortgagor to redeem existed in-
dependent of statute and is not restricted by Code, section 4061.

*Appeal from Cedar Rapids Superior Court.*—HON. JAMES
H. ROTHROCK, Judge.

FRIDAY, JANUARY 22, 1904.

ACTION to quiet title to land. Decree for defendant, and
plaintiff appeals.—*Reversed.*

*Cooper, Clemens & Lamb,* and *Hubbard, Dawley &
Wheeler* for appellant.

*Jamison & Smyth* for appellee.

WEAVER, J.—Stated as near as may be in chronological
order, the material facts are as follows: On September 9,
1896, one Kenyon, being then the owner of the property now
in controversy, mortgaged the same to secure the payment of
a promissory note held by the plaintiff, which note and mort-
gage were thereafter duly assigned to E. M. Scott. There-
after, and while the mortgage lien was still in force, one C.
A. Maurer obtained a judgment against Kenyon, which judg-
ment was made a lien on the property, and was later assigned
to one Paxton. In this condition of the title and liens, Scott,
the assignee of the mortgage, brought suit of foreclosure,

making Kenyon, Maurer, and Paxton defendants. A decree was granted establishing the mortgage as the first lien, and special execution was awarded. Under this execution a sale of the premises subject to redemption was made by the sheriff to Scott on February 13, 1900. On the day preceding the sheriff's sale Kenyon, the then holder of the legal title, conveyed the property by quitclaim deed to plaintiff. After the expiration of six months and before the expiration of nine months from the day of sale, the defendant herein, Emma Maurer, to whom Paxton had meanwhile assigned the judgment mentioned, attempted to redeem. In pursuance of that intention she deposited with the clerk a sufficient sum of money, but failed to file the affidavit made necessary by the provisions of Code, section 4056. The money thus deposited has ever since remained in the possession of the clerk of the district court. After the expiration of nine months, and within a year from the date of sale, plaintiff made redemption therefrom as the grantee of the Kenyon title. Immediately before the expiration of the year of redemption, plaintiff, objecting to the sufficiency of the redemption by Mrs. Maurer, cited her to appear before the district court for the determination of the contest, as provided by Code, section 4057. Responding to this notice, the parties appeared in the district court, and, having submitted their respective claims, it was adjudged that the plaintiff herein was entitled to redeem by payment of the amount for which the property was sold in the foreclosure proceedings with accrued interest and costs, but not entitled to a sheriff's deed; and that the redemption by Mrs. Maurer was invalid, and that she was entitled to withdraw the money deposited by her with the clerk. While Mrs. Maurer afterwards served notice of appeal from this finding, such appeal is not shown to have been effected, and appears to have been abandoned. After the aforesaid adjudication, Mrs. Maurer caused execution to be issued upon her judgment, and at a sheriff's sale under said execution she became a purchaser of the land April 22, 1901. At this stage in the history of the controversy plaintiff began

this action to quiet his title against the assertion of any claim against it under the Maurer judgment or under the sheriff's sale upon execution issued thereon.  Except that some objection was raised as to the sufficiency of plaintiff's redemption from the foreclosure sale, which objection is waived by appellee in argument, the matters above stated are wholly without controversy.  The trial court held that plaintiff, by acquiring the Kenyon title before the foreclosure sale, stood in the place of Kenyon, with no other or greater right than could have been exercised by Kenyon had no conveyance been made, and that the effect of the redemption made by plaintiff was to leave the land subject to the lien of the Maurer judgment.  So holding, it was ordered that the petition to quiet plaintiff's title be dismissed, and from said adjudication appeal has been taken.

The correctness of the court's conclusion that redemption by Cooper, as the grantee of Kenyon, left the land subject in his hands to the lien of the judgment existing against Kenyon at the time of the conveyance, is the question we are called upon to consider.  We may say at the outset that, the appellee's attempt to redeem from the foreclosure sale having been adjudged inoperative by the trial court, and the appeal from such ruling having been abandoned, we shall consider her rights in the premises precisely as if such attempt had never been made; and such appears to be the theory of her counsel in their arguments in this court.  It is conceded that the grantee of a mortgagor's title, whose conveyance is executed after a foreclosure sale and during the statutory period of a redemption, may redeem from the sale, and thereby acquire a title freed from the claims of junior lienholders who have been made parties to the proceedings  and have failed to redeem within the time prescribed therefor.  This rule is now well established.  *Harms v. Palmer,* 73 Iowa, 446;  *Todd v. Davey,* 60 Iowa, 532;  *Moody v. Funk,* 82 Iowa, 1; *Bevans. v. Dewey,* 82 Iowa, 85; *Co-operative S. & L. v. Kent,* 108 Iowa, 146; *Wells v. Ordway,* 108 Iowa, 86.

It is urged by the appellee with much earnestness that this rule does not apply in favor of a grantee who takes title from the mortgagor after a foreclosure and before sale under the decree. The statute providing for redemption by title holders and lienholders from sheriff's sale, and for such redemption by one claimant or lienholder from another, is by no means in all respects clear or easy of comprehension; and considerable confusion has arisen in the attempts of the court to apply its provisions to the varying and complicated circumstances arising in cases presented for decision. We think, however, that the case at bar falls within rules which are fairly well settled. The distinction drawn by appellee has certainly never been expressly recognized by this court, and we have to determine whether it is required by any provision of the statute, or is a necessary implication from any rule approved by us in former decisions. The only statute bearing directly upon the subject is Code, section 4061, which is to the effect that a right of redemption in the debtor is assignable, and may be exercised in like manner by the assignee. It is argued for the appellee that this statute cannot refer to assignments made before the sheriff's sale, because no right of redemption exists in the grantor until a sale has taken place. If that proposition be thought important to the rights of the parties herein, we have to say that, in our judgment, it is not sound. From the moment of his default in the payment of the mortgage debt until a deed is issued pursuant to foreclosure sale, the debtor has a right of redemption. Prior to the sale it is what we call an equity of redemption, and is a right to redeem from the mortgage; after the sale it is a statutory right to redeem from the sale. But independent of statute we have held that the judgment debtor may, by a conveyance of his land, assign his right of redemption therein, and thus authorize its exercise by his grantee. *Thayer v. Coldren,* 57 Iowa, 110. When the assignment in question was made, a decree of foreclosure, to which appellee was a party, had been entered. By its terms the land was to be sold, and, if appellee saw fit to waive

or refuse to exercise her right of redemption within the period fixed thereafter, her lien would be discharged. The appellant took the assignment subject to this right of sale and of redemption therefrom, and of course took his chances of the land being redeemed by appellee, thereby compelling him either to redeem in turn from both liens, or to refuse to redeem, and allow appellee to take a sheriff's deed. But to go further and say that the taking of such assignment had the effect to permit appellee, after neglecting and forfeiting her own right, to step in and deprive appellant of the benefit of redemption made by him, would be to perpetrate a manifest wrong—a result to which we are not forced by any statute or decision to which our attention has been called. It is true, as argued by appellee, that Kenyon could not assign or convey to plaintiff any other or greater right of redemption than he himself could have exercised had no such conveyance been made; but it by no means follows from this principle that a redemption by plaintiff as grantee of the title will operate to restore or replace the lien of the Maurer judgment, as would have been the case had Kenyon retained the title and made the redemption himself. The owner of the judgment was made a defendant in the foreclosure proceedings, and, having failed to exercise her right of redemption within the time fixed by statute, her lien was extinguished. Indeed, counsel seem to concede that the lien was extinguished by the sheriff's sale leaving in the holder of the judgment simply the statutory right to redeem, which she was required to exercise, if at all, after six months and within six months from the day of the sale.

Whatever may be the true theory in this respect, it is at least safe to assume that the combined effect of the sheriff's sale and expiration of the statutory period of redemption was to effectually discharge the land from the lien of the appellee's judgment. If Kenyon had not conveyed his title, but had appeared and made redemption from the sale, this judgment could have then been enforced against the land, not because of any lien or incumbrance which had survived

the foreclosure proceedings, but because the debtor, by his redemption, has, in effect, bought back the property of which he had been divested by the sheriff's sale, and thus brought it again into a position where it could be subjected to the payment of the judgment against him. *Tuttle v. Dewey*, 44 Iowa, 308. This result does not follow redemption by the grantee of the debtor, for the simple reason that in such case the redeemed property is not then the property of the judgment debtor, and there is therefore nothing to which the judgment lien can attach. The distinction between the case of a redemption by the judgment debtor and a redemption by his grantee has often been recognized by this court. *Moody v. Funk, supra; Harms v. Palmer, supra.* No good reason can be advanced for denying this distinction in favor of a grantee who takes title after foreclosure and before sale while observing it in favor of a grantee after sale. If the property is more than sufficient to pay the mortgage debt, the junior lienholder has it in his power to protect himself either by bidding at the sale or by exercising his right of redemption. If he is unwilling to do this, he has no right to complain if some other person, believing there is a margin of profit in the property, takes a conveyance of the remaining equity or right of the debtor, and by redeeming from the sale gets a title purged of the lien of which the creditor has refused to avail himself in the time or manner prescribed by law. The extent of the right of lienholders is to have the property applied by due process of law to the payment of the debts protected or secured by their liens. When such property has once been sold by the sheriff to the highest bidder, and has been successively redeemed by junior lienholders until it reaches the point where the remaining lienholding creditors refuse to make further redemption, it is presumed that the debt-paying power of the debtor's property in the land has been exhausted, and when that is done the lien has served the purpose of its creation, and as to such item of property is *functus officio*.

If, when the process of redemption is complete, the property is again vested in the debtor either by his having been the last to redeem or by conveyance from the holder of a sheriff's deed, then the unsatisfied creditor may reach it, for the simple reason that all the debtor's property is liable for the payment of his debts unless specifically exempted by statute. If, however, when the last redemption has been made, the property is in a third person, it cannot be so subjected for the equally simple reason that the property of one man cannot be subjected to the payment of the debts of another. The conveyance of the debtor's interest pending the foreclosure proceedings has not in the least degree hindered or delayed the lienholders in the pursuit of their remedy against the property, nor has it deprived them of any valuable or tangible right. Appellee had the right to redeem from the sheriff's sale precisely as if no such conveyance had been made, and, not having done so, a court of equity will not be inclined to allow her to take the benefit of a redemption by one who is under neither a legal nor moral obligation to pay her claim.

It must be borne in mind that this case involves the rights of no lienholders who are not made parties to the foreclosure, and we do not attempt to say how far, if at all, the rule here approved may be applicable under a different state of facts. The distinction between the rights which the grantee of the debtor may assert against a lienholder who was made a party and failed to redeem within the time limited by statute and the rights which may be asserted against a lienholder who was not a party seems to be made the turning point in the case of *Bank v. McCarthy,* 119 Iowa, 586, an authority upon which the appellee herein largely relies. We there said that in the *Moody* and *Bevans Cases, supra,* the "junior lienholders were made parties to the decree, and the court held that because of this their liens expired upon failure to redeem from the sale within the period prescribed, and the mortgagor's grantee took the land freed from their claims." In the *Bevans Case,* speaking to the same point,

we said of the junior lienholder who failed to redeem, and who sought, as in this case, to enforce her judgment against the land in the hands of the mortgagor's grantees who had made the redemption: "She was a party to the Fullerton decree, and is chargeable with notice of the sale under it. She has had the opportunity of redeeming from it, but neglected to improve it. As a junior incumbrancer, by permitting redemption to be made, not by the judgment debtor, but by one who held title as his widow and as grantee of his heirs, she lost her right to enforce her judgment against the property so redeemed." It will be seen by the foregoing quotation that the decision in *Bank v. McCarthy*, does not go to the extent of the appellee's claim in this case, viz., that one who purchases the mortgagor's right in land after foreclosure and before sheriff's sale cannot redeem after the expiration of nine months from the sale without subjecting the property in his hands to the claims of judgment creditors of his grantor who were parties to the decree and failed to exercise their right of redemption within the time allowed for that purpose. On the contrary, the point here made by appellee does not seem to have been there involved, nor was it discussed. The same may be said of *Byers v. McEniry*, 117 Iowa, 499. The question pressed upon our attention is one of considerable interest, but the rules upon the general subject of redemption from sheriff's sales and of the rights of redemption between incumbrancers and title holders have been quite thoroughly considered in several cases hereinbefore cited and it is unnecessary for us to prolong this opinion for a further review of the authorities. The views we have expressed lead to the conclusion that plaintiff should have been granted the relief demanded, and that his title should have been quieted against the claims of appellee.—REVERSED.