ELIZABETH R. HENRY, Appellant. v. LOUIS MAACK and TILLIE MAACK ET AL.

**Mortgages:** FORECLOSURE: EXTINGUISHMENT OF JUNIOR LIEN. A
1 mortgagor who forecloses his first mortgage, bids in the property and accepts the redemption money from one who has purchased the mortgagor's equity of redemption without attempting at any stage of the proceeding to preserve the lien of a second mortgage held by him, loses his rights thereunder.

**Same:** EQUITY OF REDEMPTION: RIGHTS OF PURCHASER. One who has
2 purchased a mortgagor's equity of redemption and redeemed from the foreclosure and sale, may rely on the validity of his deed to protect him from the lien of a junior mortgage.

**Same.** An oral promise to pay a junior mortgage will not author-
ise its foreclosure as against the promisor, who, as the pur-
chaser of the mortgagor's equity of redemption, has re-
deemed from the sale under foreclosure of a senior mortgage
held by the same party.

*Appeal from Osceola District Court.*— Hon. J. L. Ken-
nedy, Judge.

Saturday, February 9, 1907.

Rehearing Denied Monday, June 10, 1907.

Suit to foreclose a real estate mortgage.   Judgment de-
nying foreclosure.   The plaintiff appeals.— *Affirmed.*

*O. J. Clark* and *Sullivan & Sullivan,* for appellant.

*R. M. Hunter,* for appellees.

Sherwin, J.— Prior to January 21, 1905, John C.
Prince was the owner of the eighty acres of land involved
in this suit.   In 1902 Prince and his wife executed a first
mortgage on the land to one A. C. Whitfield, in the sum
of $1,300, who subsequently assigned said mortgage to the
plaintiff herein, Elizabeth R. Henry.   In March, 1903,
Prince and wife executed to the plaintiff a second mortgage
on said land for $2,200.   In November of the same year
Prince and wife executed a third mortgage in the form of a
deed to the defendant Louis Maack to secure certain debts
due to different creditors; and thereafter, in the same year,
still other creditors obtained a judgment against Prince
which was a lien on his remaining equity in the land.   In
February, 1904, the plaintiff, Elizabeth R. Henry, com-
menced an action for the foreclosure of the Whitfield first
mortgage, making Prince and wife and all the junior lien-
holders parties defendants, and in her petition no mention
was made of her second mortgage, nor was the court asked
to retain jurisdiction of the matter for the purpose of pro-

tecting any rights under the second mortgage. She obtained a decree of foreclosure in March, 1904. The land was sold under the said foreclosure on the 21st of April, 1904, and bid in by the plaintiff for the whole amount due, and she received from the sheriff a certificate of sale. In January, 1905, Prince and wife quitclaimed the land to the defendant herein, Louis Maack; and on the 13th day of April of the same year he redeemed the land from the said sale under foreclosure of the first mortgage, by paying to the clerk of the court the necessary amount therefor, and received a certificate of redemption. The plaintiff, Elizabeth R. Henry, accepted said money from the clerk in full redemption of the land, and, although she was at all times during the period covered by these transactions the owner of the second mortgage of $2,200, she did not attempt to redeem from her sale under the first mortgage or do anything else to protect her rights under her second mortgage.

The facts of this case bring it clearly within the rule of *Wells v. Ordway,* 108 Iowa, 86, and the cases therein cited; and we need not again enter into a discussion of the redemption statutes and the decisions thereunder. Mrs.

1. MORTGAGES: foreclosure: extinguishment of junior lien.

Henry at all times owned the second mortgage, and was a party to the suit for the foreclosure of the first; " yet she did nothing to protect herself;" and seemed content to accept the money paid by the appellee for a redemption of the land. Louis Maack became the owner of the mortgagor's equity in the land through the quitclaim deed executed to him, and the amount that he paid therefor is in no way controlling. In *Witham v. Blood,* 124 Iowa, 695, a mortgage had been foreclosed and the property sold. Afterwards it was sold to a relative of the mortgagor who made redemption. It was claimed that such conveyance was made for the purpose of defrauding creditors, especially a junior mortgage holder, and was void; and we said: " It is the policy of the law to avoid the expense and sacrifice which would be entailed by successive

sales of the same property by junior lienholders made parties to the foreclosure; and they are required to protect their claims by bidding the property up to its fair value at the foreclosure sale or by redemption from such sale within the prescribed period. If such a lienholder omits or neglects to avail himself of either of these provisions made for his benefit, his lien is removed, and the mortgagor may convey his equity or right of redemption unburdened by the claim of any party to the suit, save only the right and claim of the holder of the certificate of sale. *Cooper v. Maurer,* 122 Iowa, 321; *Francestown Bank v. Silver,* 122 Iowa, 685.

Prince and wife were made defendants in this foreclosure proceeding, and the plaintiff alleged fraud on the part of said defendants and the appellee Maack in the conveyance to Maack. Prince also filed a cross-petition against Maack, averring fraud in the procurement of a certain deed, which the latter claims was in fact a mortgage. This deed, or mortgage, was executed long prior to the execution of the quitclaim deed, and is not relied upon by the appellee. The trial court found that there was no fraud, and no exception was taken to such finding. Nor has the defendant Prince appealed.

There is no question as to the validity of the quitclaim deed, and upon this the appellee may, and does, rely. It transferred to him the equity of the debtor, and it is sufficient to protect him against the mortgage in

2. SAME: equity of redemption: rights of purchaser.

suit. See cases heretofore cited. Whether the first deed from Prince to Maack was in fact a deed, or a mortgage only, is wholly immaterial; for, whichever it was, the plaintiff having failed to protect her second mortgage by redemption or otherwise, the land was released from the mortgage lien. *Cooper v. Maurer,* 122 Iowa, 321. *Witham v. Blood, supra.*

The appellant contends that a holder under a quitclaim deed takes subject to all equities in third parties, and that Maack, therefore, took the land subject to the appellant's

second mortgage.   It is also claimed that the appellant has a vendor's lien for the amount of his mortgage.   But neither contention can hardly be serious.

It is also contended that, when the first deed to Maack was executed, he orally agreed to pay off this mortgage, and that appellant is entitled to a foreclosure because of such

3. SAME.

promise.   Appellant assumes inconsistent positions regarding this deed.   She first claims that it was fraudulent, and now seeks to rely upon an oral promise made in connection with its execution.   The evidence does not show the promise, but, if it did, it would avail the appellant nothing.   In any event, it could not affect the right of redemption or do more than to create a personal liability on the part of the promisor.

There is no merit in any of the appellant's positions, and the judgment must be and it is *affirmed*.