HARRY E. STILES, Appellant, v. J. L. BAILEY et al., Appellees.

MAY 15, 1928.

*Sager & Sweet,* for appellant.

*Martin & Reeve* and *P. H. Paulsen,* for appellees.

DE GRAFF, J.—This case presents a question of law. The facts are not in dispute. The only claim of vantage asserted by plaintiff is based on the fact that a judgment in law on the sec- ond mortgage note was secured by him against one Ford, the mortgagor, subsequently to the date of the decree and sale of the real estate under the first mortgage foreclosure, in which appellant was made a party defendant, as the holder of the second mortgage on the real estate involved in said foreclosure action.

The controlling legal principle may be understood by a statement of the sequential facts, which are as follows: On March 1, 1920, the plaintiff, Stiles, the then owner of the involved Bremer County real estate, conveyed same to one J. W. Ford, who thereupon, to secure the purchase price to the vendor, Stiles, executed to him two mortgages on said land,—one for $10,000 and the other for $3,500; and by the terms of the latter mortgage it was made junior and inferior to the former. Through mesne assignments, the $10,000 mortgage eventually found ownership in a partnership called the Thompson Company. The mortgagor, Ford, defaulted in payment, and on March 21, 1922, the Thompson Company commenced foreclosure proceedings, in which Stiles was made a party defendant. No personal judgment was prayed against him. This foreclosure action was properly indexed by the clerk of the court, as provided by the *lis pendens* statute, Section 3543, 1913 Supplement, as amended by Chapter 324, Acts of the Thirty-seventh General Assembly. The appellant, Stiles, and the mortgagor, Ford, accepted service of the original notice, but entered no appearance in said foreclosure action.

On April 20, 1922, the district court in and for Bremer County, Iowa, entered a decree of foreclosure, wherein it provided "that the liens of the mortgages held by the defendants Harry E. Stiles [plaintiff-appellant herein] and J. L. Bailey and S. O. Bailey are junior and inferior to the mortgage hereby foreclosed." Said decree further provided "that, on and after the day of the sale under said special execution, the defendants and all persons claiming by, through, or under them or either of them are forever barred and foreclosed of all interest and equity

in and to said mortgaged premises, except such rights of redemption as are especially provided by law."

On May 27, 1922, the sheriff of Bremer County, Iowa, sold said real estate under special execution to one Murray, to whom certificate of sale issued, in conformity to law.

On September 29, 1922, the appellant, Stiles, commenced an action at law against the mortgagor, Ford, in the district court of Iowa in and for Black Hawk County, which was the county of the domicile of the mortgagor, to recover judgment on the $3,500 note. On November 2, 1922, judgment on said note was entered against Ford, which was transcripted to the district court of Bremer County. The appellant, Stiles, did not redeem or attempt to redeem from the sheriff's sale to Murray during the period reserved and defined by statute for junior lien holders.

On May 19, 1923, Ford, the mortgagor title holder and judgment-debtor, for a valuable consideration, conveyed by warranty deed the real estate in question to one Bishop, which deed on said date was duly recorded. On the date of this conveyance, the judgment at law secured by Stiles was of record, and unsatisfied, and the grantee, Bishop, had actual and constructive notice of that fact.

Thereafter, Bishop applied to the Security Trust & Savings Bank of Cedar Falls, appellee herein, for a loan of $12,500, representing that that amount was needed, to make redemption from the sheriff's sale to Murray, and that he would secure the payment of said loan by a first mortgage on the real estate in question. He further represented to said bank, upon the advice of counsel, that neither the second mortgage owned by Stiles nor said judgment at law secured by Stiles constituted a lien on said real estate, for the reason that Stiles had failed to make redemption from said sheriff's sale within the period prescribed by statute. The loan was made, the mortgage was executed, and out of the proceeds of said loan Bishop used the sum of $12,036.60 in making redemption from the sheriff's sale. These are the undisputed facts, to be considered in making application of the law governing this case.

At the outset, certain premises may be accepted that are fundamental in the case at bar. The appellant, Stiles, was a party to the foreclosure action, and was bound by the terms of

the decree in each and every capacity in which he might relate himself to the subject-matter thereof. *Henry v. Maack,* 135 Iowa 84; *Wells v. Ordway,* 108 Iowa 86; *Bevans v. Dewey,* 82 Iowa 85. When Stiles obtained his judgment at law, Ford's title to the land involved herein was imperfect, and was subject to be divested if Ford failed to redeem from the sheriff's sale. The judgment gave Stiles no higher or better right with respect to the real estate than Ford himself had.

One who acquires an interest in land *pendente lite* is bound by the judgment and decree of court, as though made a party to

 said action. *Cooney v. Coppock,* 119 Iowa 486; *Jackson v. Centerville, M. & A. R. Co.,* 64 Iowa 292; *Blanchard v. Ware,* 43 Iowa 530.

Stiles, as a judgment-creditor, had the right to bid at the sale or to redeem therefrom. He exercised neither of these rights, and he should not now be permitted to take advantage of a redemption made by the debtor's grantee. When the grantee of a mortgagor redeems the land, he takes the property divested of all the liens of inferior or junior lien holders who were made parties in the foreclosure action, who were bound by the decree of foreclosure, and who failed to redeem, as provided by statute. *Witham v. Blood,* 124 Iowa 695; *Cooper v. Maurer,* 122 Iowa 321; *Co-operative S. & L. Assn. v. Kent,* 108 Iowa 146; *Wells v. Ordway,* supra; *Bevans v. Dewey,* supra; *Moody v. Funk,* 82 Iowa 1. This is true even when redemption is made by the judgment-debtor who has conveyed his title, since the redemption inures to the benefit of his grantee. *Witham v. Blood,* supra.

Appellant's judgment was not a specific lien on any particular real estate of the judgment-debtor's, but a general lien upon all his real estate, subject to all prior liens, either legal or equitable. 2 Freeman on Judgments (5th Ed.), Section 915. The judgment conveys only a right to levy on the land, to the exclusion of other adverse interests subsequent to the judgment. *Independent School Dist. v. Werner,* 43 Iowa 643, 644; *Hunter v. Citizens Sav. & Tr. Co.,* 157 Iowa 168. The judgment lien does not attach to the land, but to the judgment-debtor's interest in it, and if that interest is subject to any infirmity or condition by reason of which it is eliminated or ceases to exist, the lien attaching thereto ceases with it.

As heretofore noted, the instant case arises out of a sale on a mortgage foreclosure and a subsequent redemption by the grantee of the judgment-debtor. The facts are controlled by *Moody v. Funk*, supra.

The evolution of the judicial interpretation of the principle involved may be traced by a study of the decisions of this court. *Hays v. Thode*, 18 Iowa 51; *Clayton v. Ellis*, 50 Iowa 590; *Escher v. Simmons*, 54 Iowa 269; *Harms v. Palmer*, 73 Iowa 446; *Moody v. Funk*, supra; *Wells v. Ordway*, supra; *Co-operative S. & L. Assn. v. Kent*, supra; *Cooper v. Maurer*, supra; *Witham v. Blood*, supra.

Counsel for appellant rely upon the decision in *People's Sav. Bank v. McCarthy*, 119 Iowa 586, but this case is distinguishable on the facts from the case at bar. In the cited case the plaintiff-bank was the holder of a judgment against Aborns, the legal title holder of the land. Its judgment was junior to that of Marshall Field & Co., on which there was a sheriff's sale on general execution. During the year of redemption, the Aborns sold to McCarthy, the defendant, who redeemed, the bank having failed to make redemption. The action was commenced by the bank, to have its judgment declared a lien on the real estate. This court, in decision, recognized the factual difference between that case and *Moody v. Funk*, supra, and cases of like import, for it is said (page 590):

"In the instant case, neither plaintiff nor its assignor were made parties to any other action, nor have their liens been affected by any decrees, and in these respects are distinguishable from the decisions last cited [*Harms v. Palmer*, *Moody v. Funk*, *Co-operative S. & L. Assn. v. Kent*, *Wells v. Ordway*, etc.] * * * As plaintiff's liens were never divested by virtue of a decree of court, or the execution of a sheriff's deed, and are not barred by any statute, they may be enforced against the lots of defendants acquired subject thereto."

In *Moody v. Funk*, supra, a first mortgage was foreclosed, and the holder of the second mortgage was made a party defendant. The land was bid in by the first mortgagee for the amount of his judgment. After the expiration of the period for redemption by the junior lien holder, no redemption having been made by the junior mortgagee, the debtor sold the real estate to Moody, who did redeem. The action was instituted by Moody, to quiet

the title as against the holder of the junior mortgage. The only difference on the factual side between the *Moody* case and the instant case is that here the appellant, Stiles, the junior mortgagee, after the sale on special execution, placed in judgment his mortgage note, and transcripted it to the county where the real estate was situated. It was there held that the grantee of the execution debtor who acquires the interest of his grantor after the right of a junior lien holder is barred by a lapse of time may redeem without removing such bar, and thus perfect in himself title to the land sold.

Appellant Stiles in this case was required to keep his lien alive, and if he suffered that lien to be extinguished by his failure to make redemption, he cannot be heard to say that his mortgage is still a lien on the land, or that the land should be subjected to the payment of the note that the mortgage was given to secure. The appellant Stiles had the right to redeem from the sheriff's sale, and since he has not done so, a court of equity will not allow him to take the benefit of a redemption by one who is under neither a legal nor a moral obligation to pay his claim now in judgment against Ford, the mortgagor. This is the thought and the language of *Moody v. Funk*, supra. The appellant, Stiles, was a party to the foreclosure action, and was chargeable with notice of the same under the decree. He had the opportunity of redeeming from the sale, but neglected to improve it; and, by permitting a redemption to be made by the grantee of the debtor, he lost the right to enforce his judgment against the property so redeemed. *Bevans v. Dewey*, supra. See, also, *Henry v. Maack*, supra.

A word in conclusion may be said with respect to the Baileys, defendants and appellees herein. It appears that Bishop, the grantee of J. W. Ford, legal title holder and mortgagor, on May 26, 1923, conveyed a one-half interest in said land to said appellees. The applicable principle heretofore stated must inure to these appellees. Bishop purchased Ford's interest in the land after more than nine months had expired from the time of the foreclosure sale, and thereafter redeemed from the special execution sale. Bishop was then the owner of the land, which was completely divested of the lien of appellant's judgment. When Bishop conveyed an undivided one-

half interest in said land to Baileys, appellees, the latter also took the land clear and free of any lien of said judgment.

For the reasons stated, the decree entered by the trial court is—*Affirmed.*

STEVENS, C. J., and ALBERT, MORLING, and WAGNER, JJ., concur.