## No. 9647.

### MCKEE, SHERIFF, ET AL. *v.* ELWELL.

Decided Nov. 8, 1920.   Rehearing denied Jan. 10, 1921.

Action to restrain proceedings under execution levy on real estate.   Judgment for plaintiff.

### *Affirmed.*

1. APPEAL AND ERROR—*Finding of Trial Court.*   A finding of the trial court on conflicting evidence will not be disturbed on review.

2. REAL PROPERTY—*Trust Deed—Redemption—Assigns.*   Under sec. 6868, R. S. 1908, providing that the assigns of a grantor may redeem from a sale under trust deed, "assigns" includes the assignee of the equity of redemption.

*Error to the District Court of Pueblo County, Hon. J. E. Rizer, Judge.*

Mr. JAMES F. DRAKE, Mr. WILLIAM B. STEWART, for plaintiffs in error.

Mr. JOSEPH C. ELWELL, Mr. JOHN W. ELWELL, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

SARAH D. Elwell, defendant in error, obtained a decree restraining McKee, Sheriff, and Drake, a judgment creditor of Annie L. Elwell, plaintiff's mother, from further proceeding in a levy on certain real estate by virtue of an execution against the mother, and the defendants bring the case here on error.

Annie L. Elwell owned the real estate in question subject to a deed of trust given by her; she quit-claimed the property to her daughter, the plaintiff, subject to the deed of trust; a foreclosure sale was afterwards had under the trust and a certificate of sale issued; Annie L. Elwell redeemed and took the certificate of redemption in her own

name. The defendant Drake then sued out his execution and McKee levied. Plaintiff then brought this suit. Drake, by answer and cross-bill, claimed that the quitclaim deed was in fraud of creditors and that the sale and redemption restored the title to Annie L. Elwell.

Both the mother and daughter testified that the former redeemed with plaintiff's money, as her agent and for her sole benefit, and the court specially found such to be the case.

The question whether the sale was fraudulent was left to a jury who found it was not, and the court adopted the finding.

The plaintiffs in error rely upon two propositions: 1. The quitclaim deed was fraudulent. 2. The title was in Annie L. Elwell when the levy was made.

As to the first proposition, the matter has been decided on conflicting evidence by both court and jury and the decision will not be disturbed.

As to the second, since the court has found that the redemption was in the interest of plaintiff and with her money, it follows that at the time of the levy Annie L. Elwell had no interest in the subject thereof even if plaintiffs in error are right in their theory that a redemption by her would restore to her the title. The statute provides:

"It shall be lawful for any grantor, his heirs, executors, administrators, assigns or subsequent encumbrancers, whose lands and tenements shall be sold by virtue of any trust deed within six months from such sale to redeem * * *." R. S. 1908 § 6868.

It is argued that the above word "assigns" does not include purchasers of the equity of redemption but only assignees by operation of law, that no one can redeem after sale except those whom the statute specifies and that therefore the plaintiff had no right to redeem, and so her acts in that behalf are void.

There are several answers to that argument but one is enough, *viz.*, that "assigns" includes the holder of the equity of redemption. We can see no ground for holding other-

wise.   5 C. J., Title "Assigns."   Jones on Mtgs. 1051; *Cooper v. Maurer,* 122 Iowa 321, 98 N. W. 124.

Judgment affirmed.

MR. JUSTICE TELLER sitting for MR. JUSTICE SCOTT.

MR. CHIEF JUSTICE GARRIGUES and MR. JUSTICE TELLER concur.