**IN THE COURT OF APPEALS OF IOWA**

No. 15-2005
Filed November 23, 2016


**COPYCAT PHOTOCOPY CENTER, INC. and MICHAEL LAMBERTO,**
      Plaintiffs-Appellants,

**vs.**

**FRISCO-OZARKS PARTNERS, L.L.C., DOUBLE DG, L.L.C., TSM HOSPITALITY, L.L.C., and DONALD GOERING,**
      Defendants-Appellees.
_____


      Appeal from the Iowa District Court for Polk County, Douglas F. Staskal, Judge.


      The plaintiffs appeal from the district court's grant of summary judgment in favor of the defendants.  **AFFIRMED.**



      Sarah K. Franklin, Matthew E. Laughlin, and Margaret A. Hanson of Davis Brown Law Firm, Des Moines, for appellants.

      Andrew J. Zbaracki of Newbrough Law Firm, L.L.P., Ames, for appellees Frisco-Ozarks Partners, L.L.C., Double DG, L.LC., and Donald Goering.

      Timothy C. Hogan of Hogan Law Office, Des Moines, for appellee TSM Hospitality, L.L.C.


      Heard by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**POTTERFIELD, Judge.**

The plaintiffs initiated this action alleging the defendants made a fraudulent transfer of property and engaged in a civil conspiracy in order to do so. The district court granted summary judgment in favor of the defendants, and the plaintiffs appealed. On appeal, the plaintiffs maintain summary judgment was improper because genuine issues of material fact exist.

**I. Background Facts and Proceedings.**

The plaintiffs obtained a judgment against one of the defendants, Frisco-Ozarks Partners, L.L.C., on December 26, 2012. At the time, Frisco-Ozarks was owned by defendant Donald Goering. The principal judgment was in the amount of $199,128.24 plus accrued interest, attorney fees, and late charges; it created a lien against property owned by Frisco-Ozarks in Des Moines.

At the plaintiffs' request, the Polk County clerk of court issued an execution on October 7, 2013. At the resulting sheriff's sale on March 11, 2014, the plaintiffs successfully bid on the property with a credit bid of $65,000. However, the plaintiffs were a junior lienholder at the time because Northwest Bank already held a mortgage on the property, with an outstanding debt of approximately $320,000.

On June 26, 2014, Frisco-Ozarks executed a quit claim deed, conveying the property to the bank, and a voluntary non-judicial foreclosure.

On July 3, 2014, the bank sent notice to the plaintiffs that it had entered into an agreement with Frisco-Ozarks for an alternative nonjudicial voluntary foreclosure. The notice alerted the plaintiffs that the property being foreclosed upon was the same property they had a judgment against, and "[i]n order to

exercise [their] rights of redemption pursuant to Iowa Code section 654.18 [(2013)], [they would] need to, on or before thirty (30) days from the Notice Date, as set forth above, tender cash or certified funds in the amount of $317,899.51." Furthermore, the notice advised that if the plaintiffs did not redeem the property by August 3, 2014, the bank would "consummate and finalize" the foreclosure.

The plaintiffs took no action to redeem the property.

Subsequent to the finalization of the foreclosure, on August 25, 2014, TSM Hospitality, L.L.C. purchased the property from the bank for $320,078.20—the amount of Frisco-Ozark's indebtedness to the bank.

Less than one month later, TSM sold the property to Double DG, L.L.C.—a new company owned by Donald Goering—for $335,000.

In December 2014, Double DG sold the property for $500,000 to a company not named in this dispute. It is this transaction—four months after its lien was extinguished—upon which the plaintiffs rely to establish the market value of the property and the defendants' fraudulent intent to deny the plaintiffs a path to collect their judgment.

Shortly thereafter, the plaintiffs initiated this action, claiming the defendants had engaged in a civil conspiracy to fraudulently convey the property in question in order to escape the judgment entered against Frisco-Ozarks.

On September 25, 2015, the defendants moved for summary judgment. The plaintiffs resisted, and a hearing on the matter was held in October 2015. Thereafter, the court granted the defendants' motion for summary judgment.

The plaintiffs appeal.

## II. Standard of Review.

We review summary judgment rulings for corrections of errors at law. *Des Moines Flying Serv., Inc. v. Aerial Servs. Inc.*, 880 N.W.2d 212, 217 (Iowa 2016). "Our review is limited to determining whether the law was applied correctly or whether there is a genuine issue of material fact." *Id.*

## III. Discussion.

The plaintiffs maintain the district court erred in granting the defendants' motion for summary judgment because there were genuine issues of material fact involved in the transactions occurring after the plaintiffs' lien was extinguished by their failure to redeem the property. Specifically, the plaintiffs assert that even though the actions taken by the various parties are largely agreed upon, the intent and reason behind the defendants' actions are in dispute.

"A fraudulent conveyance is generally defined as 'a transaction by means of which the owner of real or personal property has sought to place the land or goods beyond the reach of his creditors, or which operates to the prejudice of their legal or equitable rights.'" *Graham v. Henry*, 456 N.W.2d 364, 366 (Iowa 1990) (citation omitted). Here, we agree with the district court the undisputed facts are enough to determine, as a matter of law, the defendants did not fraudulently convey the property. Additionally, because there was not a fraudulent conveyance, there can be no civil conspiracy. *See Wright v Brooke Group Ltd.*, 652 N.W.2d 159, 172 (Iowa 2002) ("Civil conspiracy is not in itself actionable. . . . Thus, conspiracy is merely an avenue for imposing vicarious liability on a party for the wrongful conduct of another with whom the party has acted in concert." (citations omitted)).

First, the plaintiffs have conceded the bank was not a part of any alleged conspiracy to keep the property in question from them. Additionally, the plaintiffs do not dispute that the voluntary foreclosure was completed as the statute required. *See* Iowa Code § 654.18(1) (2013) (allowing the foreclosure of a real estate mortgage upon mutual written agreement of the mortgagor and mortgagee so long as the mortgagee "send[s] by certified mail a notice of the election to all junior lienholders as of the date of the conveyance . . . , stating that the junior lienholders have thirty days from the date of mailing to exercise any rights of redemption"). Nonetheless, the plaintiffs argued at the hearing that the defendants had elected to comply with the voluntary, thirty-day foreclosure as a way to interfere with the plaintiffs' rights.[1] The defendants' decision to consent to the foreclosure may have made it more difficult for the plaintiffs to redeem the property due to the shortened timeline, but the defendants were within their rights in doing so. *See Benson v. Richardson*, 537 N.W.2d 748, 757 (Iowa 1995) ("A debtor may prefer one creditor over another by way of sale, mortgage, or the giving of security to others even if the debtor's intentions toward the nonpreferred creditor are spiteful and the action will delay or prevent the nonpreferred creditor from obtaining judgment."); *compare* Iowa Code § 628.3 (providing the debtor one year to redeem the property before foreclosure can be finalized), *with id.* § 654.18(1) (providing junior lienholders thirty days to redeem the property).

---

[1] The plaintiffs' attorney stated, "[W]hat they did is they went to the bank with this calculation that if we force these people to come up with $320,000 within 30 days they won't do it and we will be able to cut them off and turn around and sell this property for a profit, a profit that would have gone to pay off the judgment."

The plaintiffs urge us to look at the result—the original debtor[2] realizing a profit on the property in question in a short period of time, without having to satisfy the judgment against it—and determine the means must have been fraudulent. But as we said above, a fraudulent conveyance is one meant to keep the property in question out of the hands of a creditor. *See Graham*, 456 N.W.2d at 366. Here, the defendants' transfer of the property to the bank as part of the foreclosure proceeding actually gave the plaintiffs the opportunity to acquire it. It was the plaintiffs who elected not to redeem the property. Furthermore, as the district court noted, "There is absolutely no evidence that any of the defendants misled Copycat about the value of the property or interfered in some way with its ability to ascertain the value of the property or to exercise its right to redemption."

Once the plaintiffs elected not to redeem the property, their lien was extinguished. *See* Iowa Code § 654.18(2) ("A junior lienholder may redeem the real property pursuant to section 628.29. If a junior lienholder fails to redeem its lien as provided in subsection 1, its lien shall be removed from the property."); *see also Cooper v. Maurer*, 98 N.W. 124, 125 (Iowa 1904) ("The owner of the judgment was a defendant in the foreclosure proceedings, and, having failed to exercise her right of redemption within the time fixed by statute, her lien was extinguished."). Although the plaintiffs argue the later transactions involving the property should be considered as part of their claim for fraudulent conveyance, once the bank foreclosed it, the plaintiffs no longer had a lien attached to the

---

[2] We acknowledge that the original judgment was against Frisco-Ozarks, and the sale of the property for $500,000 was ultimately made by Double DB, but both entities were owned, at least in part, by Donald Goering.

property.  As such, any actions taken by the defendants afterward could not have been done in an attempt to circumvent the plaintiffs' rights.

We affirm the district court's grant of summary judgment in favor of the defendants.

**AFFIRMED.**